S|I

PAID

AUG 10 2021

Clerk, US District Court
COURT #612

FILED

2021 AUG 10 PM 5: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF
LOS ANGELES

BY: _____ (W)

1   Edwin I. Guardia
2   20656 Blackhawk Street
    Chatsworth, California 91311
3   (Correspondence Only)
    (661) 210-5192
4
    In Pro-Se
5

6               UNITED STATES DISTRICT COURT

7               CENTRAL DISTRICT OF CALIFORNIA

8                     WESTERN DIVISION

9

10  EDWIN IVAN GUARDIA,                    LACV21 No. 6447 - SB-MRWx

11       Plaintiff,                        Civil Case No.

12       vs.

13  PRESTIGE DEFAULT SERVICES, Trustee;    COMPLAINT AT LAW
    BRIANA YOUNG, Trustee Sale Officer for
14  Prestige Default Services; GHIDOTTI |  COMPLAINT FOR REAL PROPERTY,
    BERGER, LLP., A Law Firm and their     MONETARY RELIEF AND FOR EQUITABLE,
15  employees; MICHELLE RENE GHIDOTTI,     ACTUAL, COMPENSATORY AND PUNITIVE
    Founder of Prestige Default Services, (a.k.a.),  DAMAGES
16  MICHELLE GHIDOTTI-GONSALVES
17  (California SBN#: 232837), Principle   1.  VOLATION AND BREACH OF SUPERIOR
    Attorney for Ghidotti | Berger, LLP; CHASE      COURT OF CALIFORNIA PENDING
18  BERGER, (Florida SBN#: 83794), Principle        HEARING ISSUSED ON PRELIMINARY
19  Attorney for Ghidotti | Berger, LLP;            INJUNCTION.
    REDWOOD HOLDINGS, LLC., and their      2.  VIOLATION OF ARTICLE 1. MORTGAGE,
20  employees; SAM CHANDRA, SBN#:              2924.12, (a) (1) AND 2924.12, (2) (b), A
    203942); LAW OFFICES OF SAM                CALIFORNIA CODE OF CIVIL
21  CHANDRA, and their employees; and DOES     PROCEDURES.
22  1- , Inclusive.                        3.  VIOLATION OF CALIFORNIA CODE OF
                                               CIVIL PROCEDURE 729.030(b), A
23                                             SECTION OF CALIFORNIA REDMPTION
24       Defendants.                           LAW.
                                           4.  WRONGFUL TRUSTEE SALE.
25                                         5.  WRONGFUL TRUSTEE'S DEED UPON
                                               SALE.
26  ─────────────────────────────────     6.  VIOLATION OF NOTICE LAW.
                                           7.  VIOLATION FOR FAILRUE TO SUPPORT
27                                             THE UNITED STATE CONSTITUION AND
                                               THE STATE OF CALIFORNIA
28                                             CONSTITUTION AND PLAINTIFF'S

                              - 1 -

                        COMPLAINT AT LAW

RIGHTS.
8. VIOLATION THE LAWYER'S CREED: STANDARDS OF PROFESSIONAL CONDUCT.
9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

**DEMAND FOR TRIAL BY JURY**
**F.R.Cv.P 38**

## COMPLAINT FOR REAL PROPERTY, MONETARY RELIEF AND FOR EQUITABLE, ACTUAL, COMPENSATORY AND PUNITIVE DAMAGES

NOW COMES, EDWIN IVAN GUARDIA (The Plaintiff) and for all purposes hereinafter (The Plaintiff), acting in the temporary capacity of Propria Personal (Pro-Se) and relying on the decision in _Haines vs. Kerner_ 404 U.S. 519, 520 and shows his offer and burden of proof in this/his Complaint against the defendants herein.

### JURISDICTION AND VENUE

1. This is a Civil Action Authorized by 42 U.S.C., Section 1983 to redress the deprivation, under the color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C., Section 1331 and 1343 (a)(1).

2. Jurisdiction is invoked by 28 U.S.C. Section 1332 and involves diversity of Citizenship and more than $75,000.00 dollars in controversy and further invoked under 18 U.S.C. Section 1964 as well as the Constitution of the United States, particularly the 7th Amendment of the Constitution of the United States, ("Trial by Jury"); a Jury Trial that is Plaintiff's Right, as this is a "Complaint at Law".

COMPLAINT AT LAW

3.  The United States District Court is an appropriate Venue under 28 U.S.C. Section 1391

(b)(2) because it is where the events giving rise to this claim occurred.

4.  This Complaint is filed in Propria Persona pursuant to Haines vs. Kerner 404 U.S. 519.

## **PARTIES TO THIS ACTION**

1.  The Plaintiff, EDWIN IVAN GUARDIA, in this Action is an Authorized Citizen in the

United States and in The States of California and resides in the City of Northridge,

California, located in Los Angeles County. The plaintiff's name and current address are

now as follows: Edwin Ivan Guardia, 20656 Blackhawk Street, Chatsworth, California

91311. The (Subject-Real Property), is located at: 8336 Calvin Avenue, Northridge,

California 91324.

2.  **Defendant 1:** <u>PRESTIGE DEFAULT SERVICES</u>, (Trustee), (A California Business),

whose address is: 1920 Old Tustin Ave., Santa Ana, CA 92705-7811, are being sued by

plaintiff in their Official, Individual and Private Capacities for the return of Real Property

located at: 8336 Calvin Avenue, Northridge, CA 91324, and for Monetary Actual Damages

in the amount of Three Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars

and Eight Cent, ($324,285.08); Compensatory Damages in the amount of Three Hundred

Twenty Four Thousand Two Hundred Eighty Five Dollars and Eight Cent, ($324,285.08);

and Punitive Damages in the amount of Three Hundred Twenty Four Thousand Two

Hundred Eighty Five Dollars and Eight Cent, ($324,285.08); for a total amount of Nine

Hundred Seventy Two Thousand Eight Hundred Fifty Five Dollars and Twenty Four Cent

($972,855.24) (Pursuant to Title 18 U.S.C. Section 1964);

COMPLAINT AT LAW

3. **Defendant 2:** BRIANA YOUNG, Trustee Sale Officer for Prestige Default Services, whose address is: 1920 Old Tustin Ave., Santa Ana, California 92705-7811 is being sued by plaintiff in her Official, Individual and Private Capacities for Monetary Actual Damages ed

Three Million and Nine Hundred Thousand Dollars ($972,855.24) (Pursuant to Title 18 U.S.C. Section 1964);

4. **Defendant 3:** GHIDOTTI | BERGER, LLP., A Law Firm, whose address is: 1920 Old, Tustin Avenue, Santa Ana California 92705 are being sued by plaintiff in their Official, and Individual Capacities for Monetary Actual Damages in the amount of Three Hundred Twenty Four Thousand Eight Hundred Eighty Five Dollars and Eight Cent ($324,285.08); Compensatory Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Eight Hundred Eighty Five Dollars and Eight Cent ($324,285.08); and Punitive Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Eight Hundred Eighty Five Dollars and Eight Cent ($324,285.08); for a total amount Nine Hundred Seventy Two Thousand Eight Hundred Fifty Five Dollars and Twenty Four Cent ($972,855.24) (Pursuant to Title 18 U.S.C. Section 1964);

5. **Defendant 4:** MICHELLE RENE GHIDOTTI, (a.k.a.) MICHELLE GHIDOTTI-GONSALVES, (SBN#: 232837), whose address is 1920 Old Tustin Avenue, Santa Ana, California 92705, is being sued by plaintiff in her Official, Individual and Private Capacities for Monetary Actual Damages in the amount of Three Hundred Twenty Four Thousand Eight Hundred Eighty Five Dollars and Eight Cent ($324,285.08); Compensatory Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Eight Hundred Eighty Five Dollars and Eight Cent ($324,285.08); and Punitive

– 4 –

Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Eight Hundred Eighty Five Dollars and Eight Cent ($324,285.08); for a total amount of Nine Hundred Seventy Two Thousand Eighty Hundred Fifty Five Dollars and Twenty Four Cent ($972,855.24) (Pursuant to Title 18 U.S.C. Section 1964);

6. **Defendant 5:** CHASE BERGER, (Florida SBN#: 83794) whose address is: 1920 Old Tustin Avenue, Santa Ana, California 92705 is being sued by plaintiff in his Official and Individual and Private Capacity for Monetary Actual Damages in the amount Three Hundred Twenty Four Thousand Eight Hundred Eighty Five Dollars and Eight Cent ($324,285.08); Compensatory Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Eight Hundred Eighty Five Dollars and Eight Cent ($324,285.08); and Punitive Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Dollars and Eight Cent ($324,285.08); for a total amount of Nine Hundred Seventy Two Thousand Eight Hundred Fifty Five Dollars and Twenty Four Cent ($972,855.24) (Pursuant to Title 18 U.S.C. Section 1964);

7. Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars ($324,285.08); Compensatory Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars and Eight Cent ($324,285.08); and Punitive Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Eight Hundred Eighty Five Dollars and Eight Cent ($324,285.08); for a total amount of Nine Hundred Seventy Two Thousand Eight Hundred Fifty Five Dollars and Twenty Four Cent ($972,855.24) (Pursuant to Title 18 U.S.C. Section 1964);

COMPLAINT AT LAW

8. **Defendant 7**: REDWOOD HOLDING, LLC, whose address is: 2015 Manhattan Beach Boulevard, Suite 100, Redondo Beach, California 90278, are being sued by plaintiff in their Official, Individual for the return of "Fraudulent " Real Property located at: 2342 Mountain Ave, La Crescenta, CA 91214, and for Monetary Actual Damages in the amount of Three Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars and Eight Cent ($324,285.08); Compensatory Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars and Eight Cent ($324,285.08); and Punitive Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars and Eight Cent ($324,285.08); for a total of Nine Hundred Seventy Two Thousand Eight Hundred Fifty Five Dollars and Twenty Four Cent ($972,855.24) (Pursuant to Title 18 U.S.C. Section 1964);

9. **Defendant 8**: SAM CHANDRA, (SBN#: 203942),  whose address is: 710 South Myrtle Avenue, Suite #600, Monrovia, California 91016 are being sued by plaintiff in his Official and Individual and Private Capacity for Monetary Actual Damages in the amount of Three Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars and Eight Cent ($324,285.08); Compensatory Damages in the amount of in the amount of  Three Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars and Eight Cent ($324,285.08); and Punitive Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars and Eight Cent ($324,285.08); for a total amount of Nine Hundred Seventy Two Thousand Eight Hundred Fifty Five Dollars and Twenty Four Cent ($3,900,000.00) (Pursuant to Title 18 U.S.C. Section 1964);

10. Defendant 9:  LAW OFFICES OF SAM CHANDRA, whose address is: 710 South Myrtle Avenue, Suite #600, Monrovia, California 91016 are being sued by plaintiff in their

Official, Individual Capacity for knowingly, "Participating in Fraudulent Acts", and for Monetary Actual Damages in the amount of Three Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars and Eight Cent ($324,285.08); Compensatory Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars and Eight Cent ($324,285.08); and Punitive Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars and Eight Cent ($324,285.08); for a total amount of Nine Hundred Seventy Two Thousand Eighty Hundred Fifty Five Dollars and Twenty Cent ($972,0855.24) (Pursuant to Title 18 U.S.C. Section 1964)

11. **Defendants 11**: does (1 through 25) whose names and addresses are unknown at the time of filing this Complaint (Complaint at Law) and who may be later discovered are legally responsible for the operation(s) of any/all of Prestige Default Service, Michelle R. (Rene) Ghidotti-Gonsalves, Employee(s), Partners, Associates appointed by Prestige Default Service and said named defendants in the herein Complaint who participated in any part and/or the overall operation of the wire, check, and/or the acceptance of any wire, check in any form and who participate in selling to a Third Party Plaintiff's property located at: 8336 Calvin Avenue, Northridge, California 91324  including any/all Escrow Services **_will be fully liable_** as stated as Defendants named in herein Complaint, (Complaint at Law) and not named aforesaid are being sued by plaintiff in their Official, Individual and Private Capacities for Real Property located at: 8336 Calvin Avenue, Northridge, California 91324, for Monetary Actual Damages in the Three Hundred Twenty Four Thousand Two Hundred Eighty Five Dollars and Eight Cent ($324,285.08); Compensatory Damages in the amount of in the amount of  Three Hundred Twenty Four Thousand Two Hundred Eighty

COMPLAINT AT LAW

Five Dollars and Eight Cent ($324.285.08); and Punitive Damages in the amount of in the amount of Three Hundred Twenty Four Thousand Two Hundred Dollars and Eight Cent ($324,285.08); for a total amount of Nine Hundred Seventy Two Thousand Eight Hundred Fifty Five Dollars and Twenty Four Cent ($972,855.24) (Pursuant to Title 18 U.S.C. Section 1964); Plaintiff reserves the right to include those Does as they become apparent.

## **FACTUAL BACKGROUND**

12.  **The Plaintiff:**  Edwin Ivan Guardia, received from Prestige Default Services, a Notice of Trustee's Sale, that had been filed and recorded at Los Angeles Recorder's Office under Instrument No: 20201714228 by Defendants Prestige Default Services and Defendant Briana Young, a Trustee Sale Officer for Prestige Default Services on, 12/23/2020 with a time date of 08:00AM. (See Exhibit "A"). The Notice of Trustee's Sale stated that, Edwin I. Guardia a Married Man as His Sole and Separated Property located at: 8336 Calvin Avenue, Northridge, California 91324), APN: 2783-004-018, would be sold under Trustee Sale No: (T.S.) 20-4377 on 1/29/2021 at 11:00AM by the fountain located at 400 Civic Center Plaza, Pomona CA 91766 in the amount of unpaid balance and other charges: $323,983.92.

13. The Notice of Trustee's Sale was signed by defendant BRIANA YOUNG, Trustee Sale Officer for Prestige Default Services, a service owned by its founder: Defendant, Michelle R. Ghidotti-Gonsalves who also founded, The Law Offices of Michelle Ghidotti  on February 2012, and who is an California Attorney that was admitted to the State Bar of California on 12/1/2004, with active license to practice law in the State of California as a privilege at: 1920 Old Tustin Avenue, Santa Ans, California 92705 and who was sworn in by The State Bar of California under the following oath taken by attorney Michelle R.

COMPLAINT AT LAW

Ghidotti-Gonsalves: ***"I solemnly swear (affirm) that I will support the Constitution of the
United States and the Constitution of the State of California, and that I will faithfully
discharge the duties of an attorney and counselor at law to the best of my knowledge and
ability."*** (See Exhibit "B" Titled: The State Bar of California regarding License Status-
Active and Exhibit "C" California Oath of Attorney).

14. On January 17, 2021, Plaintiff, Edwin Ivan Guardia mailed to Prestige Default Services
and Briana Young, Trustee Sale Officer for Prestige Default Services an Actual Notice and
Demand, on January 17, 2021, and not September 17, 2021; September 17, 2021, stated,
was a clerical error. In that notice it clearly informed Prestige Default Services and
Trustee's Sale Officer, Briana Young that, a lawsuit had been filed on January 8, 2021,
against each of them and clearly showed the ***Claims/Cause of Action of violations*** they
and others had committed against the plaintiff. (See Exhibit "D" Actual Notice and
Demand). The said notice was served upon each defendant regarding the filed lawsuit and
its contents.

15. On January 8, 2021, the Plaintiff, after numerous requests to Prestige Default Services and
Briana Young, Trustee Sale Officer for Prestige Default Services to Stop the Trustee's Sale
on the said property, Plaintiff filed a Lawsuit Titled: COMPLAINT (Complaint at Law),
(See Exhibit "E" face sheet of the Complaint dated January 8, 2021), under Case No.:
21STCV00700, in the Superior Court in the State of California, County of Los Angeles,
Stanley Musk Courthouse located at: 111 North Hill Street, Los Angeles, California 90012,
for Real Property, Monetary Relief and for Equitable, Actual, Compensatory and Punitive
Damages, and did paid and filed for DEMAD FOR TRIAL BY JURY Pursuant to FR.Cv.P
38 and paid for Trial by Jury.

COMPLAINT AT LAW

16. On January 8, 2021, Plaintiff filed a NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION with attached exhibits. For discoveries purposes, the court issued a date at the request from the plaintiff, 1/06/2022, that date, would have allowed the plaintiff to gather more exculpatory evidence(s), witnesses, affidavits from experts witness who would testify on behalf of their affidavit at the Preliminary Injunction Court Hearing on said date. (See Exhibit "F" Preliminary Injunction and Proof of Service). The plaintiff did serve the Complaint, Summons, Civil Cover Sheet, Certification of Interested Parties, Acknowledgement of Services and the Notice of Motion and Motion for Preliminary Injunction with attached exhibits upon defendants, Prestige Default Services, and other named defendants in said Complaint. Proof of Services is on recorded at the Superior Court of California, Stanley Musk Courthouse located at: 111 North Hill Street, Los Angeles, California 90012 under Case file number: 21STCV00700.

17. Plaintiff made, many due diligence efforts to inform Prestige Default Services and Briana Young, Trustee Sale Officer for Prestige Default Services via mail, telephone calls, and email informing each of them that, plaintiff had filed his Complaint in said Court and did so provide Prestige Default Services with an ACTUAL NOTICE AND DEMAND. Said defendants refused to honor said notices and many other requests including respecting the Court issued and scheduled date for a hearing on the Preliminary Injunction; a hearing whereby plaintiff and defendants, Prestige Default Services and Briana Young, Trustee Sale Officer for Prestige Default Services, could have legally present their arguments, witness with "Personal Knowledge as to why a trustee sale on plaintiff's property should commence and plaintiff showing why it *__a Trustee Sale should "not take place"__* and for the Court to correct the wrongs claimed by the plaintiff at the Preliminary Injunction

COMPLAINT AT LAW

hearing; a hearing that was scheduled at Stanley Musk Superior Court and before a

Presiding Judge who would have been able to determine whether or not a Trustee Sale

should occurred. Defendants, Prestige Default Services and defendant Briana Young, a

Trustee Sale Officer for Prestige Default Services waived plaintiff's 14th Amendment Right

and the right to for discovery and present his argument, witnesses and present exculpatory

evidences and allowed each party named in the Preliminary Injunction Motion Hearing to

present creditable information, documentations and any witnesses to either justify and/or

correct plaintiff's legal claims against Prestige Default Service and other who may had

and/or did participate in the violations against Plaintiff and Plaintiff's Property as stated in

the contents named in Plaintiff's Filed, Preliminary Injunction Motion.

18. On January 25, 2021, plaintiff filed a Notice to Court and All Interested Parties that

Prestige Default Services. (See Exhibit "G" Notice and Proof of Service) and See Exhibit

"H" Fax Confirmation Report from FAX.PLUS) verifying that Prestige Default Services

had received said Notice date January 25, 2021.

19. On January 27, 2021 plaintiff filed in Stanley Musk Courthouse a Non-Appearance Ex-

Parte Application to Compel a "**_CEASE and DESIT_**" Trustee Sale Dated January 29,

2021 on 8336 Calvin Ave., Northridge, California 91324, (Subject Property); it was filed in

an effort to **_stop_** Prestige Default Service and Briana Young, Trustee Sale Officer for

Prestige Default Services from instructing an Auctioneer (Levying Officer) to proceed with

an Auction/Sale on said (Subject Property), until and after the Preliminary Injunction

Hearing; a hearing that would have been adjudicated and final decree by the Stanley Musk

Superior Court Presiding Judge, again, on whether or not a trustee sale should occur. (See

Exhibit "I"). Plaintiff Faxed said Application on January 27, 2021, to Prestige Default

- 11 -

Services, Briana Young, Trustee Sale Officer for Prestige Default Services and to other named defendants that, a hearing was set for January 29, 2021, at 10:30AM, prior to the Trustee Sale, and prior to the Court Scheduled Preliminary Injunction Hearing and most certainly prior to a Trustee's Deed Upon Sale, a Trustee's Deed Upon Sale of Plaintiff's Property.

20. **Defendant**, Prestige Default Services and Defendant Briana Young, Trustee Sale Offices for Prestige Default Services did not present to plaintiff any kind of ***Notice of Authorization from the Beneficiary nor the Beneficiary's Bank Trustees with their signatures authorizing*** the commencement to sale and/or hired an auctioneer to sale plaintiff's said property. ***The Notice is a Mandatory*** in order, for Prestige Default Services to commence with a sale of plaintiff's property. The said defendants did not present to plaintiff said Notice that they had the legal right, consent and/or ***authorized by the Beneficiary of the loan and/or the Beneficiary's Bank Trustee*** in writing, to commence with the sale of plaintiff's property. If plaintiff had been able to exercise his right to discovery process and subpoena additional exculpatory evidence, Plaintiff would have been able to retrieve from their custody of records, Material Exculpatory Evidence to present to the Court Scheduled Preliminary Injunction Hearing clearly showing the problems that need correction that plaintiff had claimed in the contents of the Preliminary Injunction Motion. Plaintiff's Discovery Right were waived by defendants Prestige Default Services and Briana Young, a Trustee Sale Officer for Prestige Default Services.

21. The sale of Plaintiff's property was too premature the court had not ruled in favor of any Trustee Sale of said property. The said defendants did not provide Plaintiff with any kind of Notice of a Motion Opposing, Objecting, Quashing, Striking and Dismissing Plaintiff's

– 12 –

COMPLAINT AT LAW

Preliminary Injunction Motion to Plaintiff's, nor to the Presiding Judge that was appointed by the Stanley Mosk Superior Court of California Clerk. Nor did they present an Executive Order authorizing them an extensional right to Suspend the Legal Preliminary Injunction Hearing vis ordered and certainly not did not present a Motion to Set Aside Plaintiff's Filed January 8, 2021, Preliminary Injunction Motion.

22. On January 29, 2021, at 11:00AM, the Plaintiff's Property was sold at 400 Civil Center Plaza, by a fountain on the property of the Superior Court of California-Pomona Courthouse in Pomona California 91766, for $535,000.00.

23. Prestige Default Services and Briana Young claimed Plaintiff's Property was sold to the Highest Bidder in Lawful Money of the United States in Pro Per receipt…. The defendants Prestige Default Services and Defendant Briana Young, a Trustee Sale Officer for Prestige Default Services claimed Redwood Holding, LLC paid on January 29, 2021, $535,000.00 dollars in Lawful Money of the United States. Defendant Briana Young, a Trustee Sale Office for Prestige Default Services claimed signed and notarized her signature on the Trustee's Deed Upon Sale before an "***Administrative Peace Officer***" "***Deputized by The Secretary of the State of California as a Notary Public***", that, she received from Redwood Holding, LLC, $535,000.00 dollars; she and her employer, ***Falsely Misrepresented the truth*** that, Redwood Holding, LLC., provided at the Trustee's Sale of Plaintiff's Property Lawful Money of the United States in Compliance with the United States Constitutional Clause regarding Lawful Money and Legal Tender (Fiat Money). Briana Young, a Trustee Sale Office did so PERJURY herself under the United States and State of California ***Penalty of Perjury Laws.*** Plaintiff had not received any kind of instruments/document, **actual evidence** that, Prestige Default Services and defendant Briana Young, Trustee for Prestige Default

– 13 –

Services, that either had received Lawful Money of the United States nor a founded claim to substantiate their acceptance of Lawful Money of the United States i.e., Legal Tender (Fiat Money). A Check, Cashier Check, Money Transfer are not Lawful Money of the United States Constitution. (See Exhibit "J" on "Lawful Money") and Exhibit "K" Legal Tender 31 U.S. Code Sub-Section 5103-Legal Tender) and Exhibit "L" U.S. Department of the Treasury on the Legal Tender Status).

24. Defendant Prestige Default Services, defendant Briana Young, and defendant, Michelle R. Ghidotti-Gonsalves, Owner of said services knew, should have known and had the responsibility of knowing and especially after *attorney Michelle R. Ghidotti-Gonsalves who has Lectured on General Real Estate, Bankruptcy and Foreclosures issues and have in addition been a featured specker for several companies Specializing in Non-Performing Second Mortgages*. (See Exhibit "M" Page 2/2 Paragraph 2). *She has a vast knowledge on "Mortgage Law," "Code of Civil Procedures" and that includes "Section 2924.12 (a) (1") and "Section 2924.12 (2) (b)" of Code of Civil Procedures. This procedure was founded and developed by the United States Constitution and carried onto the State of California Constitution. Attorney Michelle R., ("Rene"), Ghidotti-Gonsalves sword in her Attorney's Oath to Support the United States Constitution and the State of California Constitution, before the California State Bar Swearing in, which have become a part of public domain. She has" failed" to uphold the Term and Condition including the clauses of the contract, i.e., (Oath-Terms and Condition with the California State Bar/Union), a union that protect attorneys if they pay their union duds/fees and as well as the public, i.e., "People of the United States and the State of California" from un-ethical attorney(s).*

COMPLAINT AT LAW

25. On 02/18/2021 at 08:00AM a TRUSTEE'S DEED UPON SALE was recorded at the Los Angeles Recorder's Office under Instrument Number: 20210271152. (See Exhibit "N" Trustee's Deed Upon Sale pages, 1 through 4). This Instrument was Notarized with the authorization of Prestige Default Services and signed by defendant Briana Young, Trustee Sale Officer for Prestige Default Services. The date signed by defendant Briana Young, 2-16-21.

26. **Defendant, Michell R. Ghidotti-Gonsalves,** failed in her claim to support the United States and State of California when she recklessly with delivered intent, caused the Trustee Sale to occurred displaying in actions, Total Disregard for said Civil Code Procedures named herein and the Court Filed Scheduled Preliminary Injunction Hearing that, was set and Total Disregard for Plaintiff's 14th Amendment Right and to present creditable evidence etc., at said hearing.

27. *__According to the Homeowner Bill of Rights, The Mortgage Laws and California Code of Civil Procedures Code of Civil Procedures "Particularly" 2924.12 Section (a) (1) and 2924.12 Section (2) (b). 2924.12 (a) (1) Reads: "If a Trustee's Deed Upon Sale has not been recorded, a borrow may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17".__*

28. *__2924.12 (2) (b) Reads: "After a Trustee's Deed Upon Sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.11, or 2924.17. by that mortgage servicer, or authorized agent where the violation was not corrected and__*

COMPLAINT AT LAW

_remedied prior to the recordation of the Trustee's Deed Upon Sale"_ .... (See Exhibit "O" California Legislative Information, "particularly" Article 1. Mortgages in General [2920 – 2944] (Chapter 2 enacted 1872).

29.  **Defendant. Chase Berger,** (Florida SBN: 83794), is a Principal Attorney and share the Ownership of Ghidotti | Berger Law Firm with Michell R. Ghidotti-Consalves, also an Attorney is an Attorney for Ghidotti | Berger, LLP; he has a legal partnership obligation to ensure his partner Michelle R. Ghidotti-Gonsalves are following all Legal Procedures, Constitutional Laws of the United States, Constitutional Laws of the State of California, and Including all Federal and State Court issued Set Hearing(s). In the matter as stated herein regarding the failure of his Principal Partner Ms. Ghidotti he looked the other way without using quality control to assure all laws and legal proceeding are obeyed by attorney Ghidotti.

30.  **Defendant,** Chase Berger, knew, should have known and the responsibility of knowing his law firm was to present a Motion Opposing the Preliminary Injunction, and striking that which was set by the Superior Court of California-Stanley Mosk Courthouse, (See Exhibit "P" Superior Court of California-County of Los Angeles-Case Access Information, Filed and Register of Actions"). **The Preliminary Injunction Motion was filed on 1/8/2021, prior to a Trustee Sale and prior to a Trustee's Deed Upon Sale.** Mr. Chase Berger, a Principle Attorney for Ghidotti | Berger Law Firm did not filed _**before**_ the Trustee Sale of said property, _**a Motion Opposing that hearing nor filed any kind**_ of _**Court Electronic Notice to the Court nor to Plaintiff that they would be presenting at said hearing their Opposition**_ to plaintiff's said motion nor filed with said court a motion to Strike the Preliminary Injunction Motion Scheduled Hearing with any kind of hard copy nor did he

– 16 –

COMPLAINT AT LAW

and/or anyone hired by said defendants listed as their employee(s), associate(s) and/or Partner(s) made any legal effort to protect themselves from there false fraudulent acts and doings, against their invested interest as Trustees of said property; again, Attorney Berger, had not present a Motion of Objection neither from Ghidotti | Berger Law Firm and named defendants. Attorney Berger, failed in doing so and failed in fair administration of his Attorney's Oath to Support the United States Constitution and The California Constitution that he swearer to uphold, in that, the two Constitution developed the said Code of Civil Procedure founded in the California Mortgage Laws. These Laws and Code of Civil Procedure are (Statutes) and must be Complied with, "Particularly" Code of Civil Procedure Section 2924.12 (a) (1) and 2924.12 Section (2) (b). There is not one Court recording of any kind of Opposition to Plaintiff's Preliminary Injunction Motion Scheduled Court Hearing. It customary by all attorneys to file an opposition, objection, strike motion to a motion filed by either a plaintiff or a defendant and/or to atleast answer by General Appearance. Attorneys Michelle Ghidotti-Gonsalves and Prestige Default Services owned by the principal attorney of Ghidotti | Berger Law Firm and Attorney Chase Berger Principal Attorney did not file a said motion to protect themselves nor the Beneficiary of the Financial Instrument. Trustee Sale Officer, Briana Young, and said defendants would not have been accused of the many causes of actions listed on pages one and two of this complaint and stated herein and hereafter for the violation of legal citations stated. Mr. Chase Berger did so participate in unlawful collusion and conspiracy to defraud Plaintiff out of many Federal and States Rights, including their Violation of Plaintiff's 14Th Amendment Right. They waived Plaintiff's Right for discovery incorporated in the Preliminary Injunction date, a discovery right whereby plaintiff could have gathered more

COMPLAINT AT LAW

exculpatory evidence to present at the set hearing on the issues that need to be corrected at and before the presiding Judge named in the Court Case Assignment dated 1/8/2021. Defendant, Chase Berger, attorney, did not follow nor uphold the the ***Integrity of the Court Judicial Path i.e., Preliminary Injunction Hearing to correct the legal material problems raised in the contents of the Preliminary Injunction Motion that need to be corrected. These legal paths are incorporated in his California Attorney Oath of Office.*** It has become transparent that attorneys, Chase Berger, Michell Ghidotti-Gonsalves and other attorneys named in this complaint had ***Hampered*** plaintiff's Rights to a Preliminary Injunction Legal Hearing and the Right to Discovery and the Right to Subpoena Exculpatory Evidence for said hearing. His actions and those attorneys named have committed Fraud against the plaintiff's rights, the United States Constitution, California State Constitution, and their Oath of said Office. Mr. Chase Berger is, and the attorneys named in this complaint are members of the American B.A.R., an Association which is a "Foreign Union" He is an "Agent of a Foreign Power" and swear allegiance to that Foreign Power i.e., The Queen of England. He and attorneys named herein did so work in unlawful collusion to undermine America and the Contract i.e., Oath of Attorney Office he/they claimed support, The United States Constitution and California State Constitution. He and said attorneys to this complaint did so undermine Plaintiff's Rights and did Hampered a Court Scheduled Preliminary Injunction Hearing set by said Court and did so damaged Plaintiff by causing, Intentional Infliction of Emotional Distress upon the plaintiff, and said property and those living with the Plaintiff, they had the rights under the Trustor to retain the right of possession during the Statutory Right of Redemption a right that can be viewed in California Real Estate 3d Subsection 10:228 and Subsection 10:230 and many

COMPLAINT AT LAW

other citation on the Redemption Right; they waived plaintiff's said right and did so cause an Unlawful Detainer Hearing by and through their said acts that ultimately lead to an Unlawful Eviction against plaintiff and plaintiff's love ones and against the California GOV. Newson and California Legislative s New Eviction Laws for Renters and Tenants Under COVID-19. (See Exhibit "Q" Notice of Eviction). Mr. Chase Berger, Michelle Ghidotti-Gonsalves memberships with the B.A.R., and are associated with The American B.A.R. Association which is a branch of the National Lawyers Guild Communist Party, which can only be located in the hard copy printing of 28 USC 3002, Section 15a, the on-line version of the 28 USC has been altered by the …….. ……., to read something entirely different, apparently because this fact has recently shown up in too many private Court Petitions and Memorandums of Law, however, he/her/they has surrendered their American Citizenship to become a member of the American Association, it is obvious that he has swearer to the allegiance to the Queen of England and not to the true support of the United States Constitution, his acts *actually **Hampered the Rights of Plaintiff*** who were exercising his Constitutional and California Constitutional Right as well as the Stanley Mosk Courthouse Scheduled Preliminary Injunction Hearing Set in which Code of Civil Procedure permitted in Section 2924.12 (a) (1), prior to the issuance of a Trustee's Deed Upon Sale. He and said defendants violated Code of Civil Procedure Section 2924.12 (2) (b), and other violations mentioned in the Code of Civil Procedure a Civil Code Procedure(s), developed by the United States Constitution and the California State Constitution.

COMPLAINT AT LAW

31. Mr. Chase Berger and Michell Ghidotti-Gonsalves attorneys failed to be fair, just and balance in the fair administration of the law and their claimed to support the administration of the United States Constitution and California State Constitutional.

32. **Defendant:** Redwood Holding, LLC, and their employees. knew, should had known and had the responsibility of knowing that they were purchasing plaintiff's property, a property that had a pending lawsuit and a filed Preliminary Injunction Scheduled Hearing against it in Superior Court of California-Stanley Mosk Courthouse, a Court located at: 111 North Hill Street, Los Angeles, California in the County of Los Angeles, under Case No: 21STCV00700. They did not Notify the Levying Officer that he Must Notify the Mortgagor, (Plaintiff) by personal service or mail of the Right of Redemption and the applicable redemption period. Pursuant to California Code of Civil Procedure Subsection 729.030 (b), as they should have protected plaintiff's Statutory Right of Redemption right and Plaintiff is entitled right to retains the right of possession until the expiration period have expired. They *hampered* the ***California Legislature Creations "Redemption Right"*** for ***Trustee Sales of Residential Properties,*** which did so apply to plaintiff and Plaintiff's loved Ones after the sale of Real Property at a Real Estate Auction, (If the sale was Legal). (See Exhibit "R" California Legislature Creates "Redemption Right for Trustee Sales of Residential Properties).

33. **Defendant,** Redwood Holding, LLC failed in being truthful to fairness toward the plaintiff's said rights, i.e., (If the sale was legal), ***"Notice of the Right of Redemption"*** and failed to provide, ***LAWFUL MONEY OF THE UNITED STATES.*** In their Trustee's Deed Upon Sale Page 2 Instrument #: 20210271152, defendant, Briana Young, Trustee for Prestige Default Services swearer under the Penalty of Perjury that Redwood Holding,

– 20 –

COMPLAINT AT LAW

LLC had provided, and she had received Lawful Money of the United States. Redwood

Holding, LLC had not indicated in any kind of form that, that statement was incorrect.

They lead the Public Domain to believed that they provided defendant, Briana Young with

Lawful Money of the United States in compliance with the U.S. Constitution and all laws

that applies to either Lawful Money and/or Legal Tender, (Fiat Money). They participated

in an unlawful conclusion and conspiracy to mislead the Public Domain and the plaintiff

and mislead and deceived the Los Angeles County Recorder's Office with a Notarized

Trustee's Deed Upon Sale Instrument notarized signed on 2/16/2021 By: Briana Young,

Trustee Sale Officer for Prestige Default Services. Redwood Holding, LLC and their

agents and/or associates who accepted the erroneously filed  said instrument was false and

frauded upon the plaintiff's rights to be Notifies and Disclosed that they honestly paid

Lawful Money of the United States when in fact, they had not, so therefore no lawful

money was actually paid for plaintiff's said property the said sale on plaintiff's property

legally should be considered Null and Void.

34. **Defendant, Sam Chandra, an Attorney (SBN: 203942)**, is an attorney who represent

Redwood Holding, LLC and did file an Unlawful Detainer in the Superior Court of

California-Chatsworth Courthouse under Case No: 21CHUD00086, on behalf of Redwood

Holding, LLC Defendant. Sam Chandra and his Law Offices of Sam Chandra and those

agents and employees that support his Law Offices, knew, should have known, and had the

responsibility of knowing that his Client Redwood Holding, LLC., and he were to follow

the Statutory Redemption Right, Procedure for Redemption and Trustor's right to retain the

right of possession of property located at: 8336 Calvin Avenue, Northridge, California

91324, after the Trustee Sale (Only if) that, the sale was legal and all laws was carried out

COMPLAINT AT LAW

through the California Code of Civil Procedures. The Trustee Sale Officer, defendant Briana Young, a Trustee Sale Officer for Prestige Default Services, a failed to adhere to said laws, including The Constitutional Laws of the United States and the State of California Constitutional Laws. In addition to the said Attorney Sam Chandra, he and his Law Offices agents and employees, knew there was a lawsuit pending and that viewing court records knew that defendant, Edwin Ivan Guardia, and his Love Ones had the right under the Gov. Newson's New Law Extending California Eviction to protect renters, (Plaintiff's Love Ones was Sub-Let renting while going to school and little work) and was in place for tenants protection from eviction, *yet*, he looked the other way as though the Gov. Newson's Newly signed Law did not matter nor the pending lawsuit nor the pending Preliminary Injunction Scheduled Hearing accepted and set by said Court, with time to execute discovery to gather additional Material Exculpatory Information and Creditable Witness.

35. **Defendants, Sam Chandra, and active attorney for California since December 12, 1999, and Sam Chandra Law Offices** caused a premature Unlawful Detainer Hearing to proceed without adhering to said laws mention above. He did not legally protect his client Redwood Holding, LLC. Had he adhering and comply to said statues, his client, Redwood Holding, LLC would not have participated in an unlawful purchase of the Plaintiff's said property, instead his client Redwood Holding, LLC, became a defendant trusting Mr. Chandra and his Law Offices agents and employees by and through Sam Chandra consultation, consuling them into agreeing to a Premature Unlawful Detainer and informing them as their attorney to take the dive, a dive into many unlawful acts and violations of many named violations herein that applies to their unlawful acts.

COMPLAINT AT LAW

## FIRST CAUSE OF ACTION

### VIOLATION AND BREACH OF SUPERIOR COURT OF CALIFORNIA PENDING HEARING ISSUSED ON PRELIMINARY INJUNCTION.

36. The averments of the previously numbered paragraphs are restated by reference herein.

37. The **Defendants**, Prestige Default Services, Michelle R. Ghidotti-Gonslaves, owner of Prestige Default Services, Briana Young, Trustee Sale Officer for Prestige Default Services, Chase Berger, of Ghidotti | Berger, LLP, a law business and each of their employees, agents, and associates, did intentionally, malicious disregarded the Mortgage Laws, California Code of Civil Procedures and did violate the Superior Court Preliminary Injunction Scheduled Set Hearing, recklessly and caused plaintiff's right to Subpoena and discovery to be waived without plaintiff's authorization.

## SECOND CAUSE OF ACTION

### FOR VIOLATION OF ARTICLE 1. MORTGAGE, 2924.12, (a) (1) and 2924.12, (2) (b), A CALIFORNIA CODE OF CIVIL PROCEDURES.

38. The averments of the previously numbered paragraphs are restated by reference herein.

39. Michelle R. Ghidotti-Gonsalves, an Attorney for Ghidotti | Berger, LLP, a Law Business, and Briana Young, Trustee Sale Offices for Prestige Default Services, Chase Berger, a Principal Attorney for Ghidottu | Berger, LLP. Did so violated Article 1, Mortgage Laws and California Code of Civil Procedure.

40. The said defendants did use the United States Postal Service working in unlawful collusion and did violate Title 18 U.S.C. 1341 (mail fraud) and Title 18 U.S.C. 1001 (false swearing) and did so violate Title 18 U.S.C. 1621 (Misrepresentation) as their act did establish a

- 23 -

COMPLAINT AT LAW

pattern of racketeering activity in violation of Title 18 U.S.C. 1962 and did so violate Title 18 U.S.C. Section 241 and 242.

### THIRD CAUSE OF ACTION

### FOR VIOLATION OF CALIFORNIA CODE OF CIVIL PROCEDURE 729.030 (b), A SECTION OF CALIFORNIA REDEMPTION LAW.

41. The averments of the previously numbered paragraphs are restated by reference herein.

42. Defendants. Redwood Holdings, LLP, Sam Chandra, A California Attorney for Redwood Holdings, LLP, disregarded California's Statutory Redemption Right as enunciated in California Code of Civil Procedure Section 729.030 (b), as they did not provide plaintiff with a personal and mail notices of his right and formality in exercise a process to obtain his Statutory Redemption Right.

43. Plaintiff requests for triple damages for actual, compensatory, and punitive sustained pursuant to Title 18 U.S.C. 1964 from each defendant.

### FOURTH CAUSE OF ACTION

### FOR WRONGFUL TRUSTEE SALE

44. The averments of the previously numbered paragraphs are restated by reference herein.

45. The plaintiff claims that Trustee Sale was erroneous, in that the plaintiff had filed in compliance with Code of Civil Code Procedure Section 2924,12 (a) (1) and in compliance with the Hone Owner Bill of Rights. Did so file for a Preliminary Injunction Hearing and was granted a set hearing with the opportunity to exercise his right for Discovery and use the power of Subpoena to gather more exculpatory evidence and witness es who would

COMPLAINT AT LAW

provide Affidavits and willy to testify to the contents of their Affidavits. The said defendants Hampered that Procedure by disregarding the Mortgage Law and California Code of Civil Procedure that was in full place prior to a Trustee sale. Due to Briana Young and her employers, they disrespected California Code of Civil Procedure Section 2924.12 (a) (1) and recklessly with conscious intention commended with a trustee sale and on 2/18/2021 did received a Trustee's Deed Upon Sale to present to Redwood Holding, LLP in violation of California Code of Civil Procedure 2924.12 (2) (b).

46. All defendants named and unnamed in this Complaint/Lawsuit did violate Title 18 U.S.C. 1341 (mail fraud) and Title 18 U.S.C. 1343 (wire fraud) and each defendant (collectively) were working in unlawful collusion to defraud plaintiffs from the full exercising his rights as stated herein and did so violate plaintiff's 14th Amendment Rights. Such acts did so violate Title 18 U.S.C. 1001 and Title 18 U.S.C. 1621 and were in violation of Title 18 U.S.C. Section 241 and 242.

## **FIFTH CAUSE OF ACTION**

## **FOR WRONGFUL TRUSTEE'S DEED UPON SALE**

47. The averments of the previously numbered paragraphs are restated by reference herein.

48. Defendant, Briana Young, Trustee Sale Officer for Prestige Default Services did so sign and notarized her signature that she accepted Lawful Money of the United States indicating that she was in full compliance with the United States Constitution as well as California Constitution regarding Lawful Money. And, based upon that erroneous misrepresentation and deceit had a Trustee's Deed Upon Sale recorded in Los Angeles County Recorder's Office made available in Public Domain. That deceitful instrument was false and

– 25 –

misleading to plaintiff and Public Domain, as she did not receive Lawful Money of the United States from Redwood Holding, LLP. Redwood Holding, LLP, tendered other than Lawful Money and that tender was not lawful fiat nor considered a legal tender as stated in the United States Constitution nor in California State Constitution..

## SIXTH CAUSE OF ACTION
## FOR VIOLATION OF THE NOTICE LAW

49. The averments of the previously numbered paragraphs are restated by reference herein.

50. All named defendants in this Complaint did so violate the Notice Law in that they, did not give plaintiff any kind of legal concept describing the requirement to plaintiff's Statutory Redemption Rights and Right to Retain Possession of plaintiff's property until the expiration of redemption period expired. Nor did any named defendants give notice to plaintiff, that their attorneys herein named was filing a motion to Oppose, Object, Strike to Plaintiff's Motion for a Preliminary Injunction Hearing. It is a normal legal practice among all attorneys to legally address a motion that would cause discomfort to them or their client in a court setting whereby they could forfeit.

## SEVENTH CAUSE OF ACTION
## FOR VIOLATION OF CALIFORNI OATH OF OFFICE AND FAILURE TO SUPPORT THE UNITED STATES CONSTITUTION AND STATE OF CALIFORNIA CONSTITUTION

51. The averments of the previously numbered paragraphs are restated by reference herein.

52. Defendants, Michelle R. Ghidotti-Gonslaves, A California Attorney, (SBN#: 232837), Chase Berger, A Florida attorney practicing law in California and Florida, (FL SBN#: 83794 and Sam Chandra, A California Attorney, (SBN#: 203942), all did so swear under

COMPLAINT AT LAW

California Oath before the State of California State B.A.R., that they each would support the United States Constitution and California State Constitution and faithfully discharge their duties as attorneys to the best of their knowledge and ability. This Attorney's Oath of Office fall under the California Business and Professional Code 6067.

53. The above attorney are members of the American B.A.R., an association

//

//

## EIGHTH CAUSE OF ACTION

## VIUOLATION OF THE LAWYER'S CREED: STANDARDS OF PROFESSIONAL CONDUCT

54. The averments of the previously numbered paragraphs are restated by reference herein.

55. The Lawyer's Creed: Standards of Professional Conduct support the California Attorney's Oath and as "***an officer of the Court to strive to conduct oneself at all times with dignity, courtesy and integrity". The attorneys named herein di not not truly support the Constitution of the United States nor The California State Constitution nor the California Code of Civil Procedure raised from them*** in applying them to the Plaintiff's Court said hearing and protecting all right of all parties named herein from their fraudulent acts. They failed in the Key Ingredients in ***fair justice*** and administrating and implementation of said Civil Code Procedures. (See Exhibit "S" The Lawyer's Creed: Standards of Professional Conduct).

## NINTH CAUSE OF ACTION

## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

COMPLAINT AT LAW

56. The averments of the previously numbered paragraphs are restated by reference herein.

57. Due to all named herein defendants their violation acts as named in this Complaint did so caused Plaintiff to Suffer Hardship, Emotional Distress and loss of Plaintiff's Property located at: 8336 Calvin Ave., Northridge, California 91324 by way of said acts and eviction of Plaintiff's from his property and Loves ones who also suffered hardship, and other defendants named did so cause the Plaintiff suffering, distress, anxiety, depression, and much grief. The defendants knew, should have known and had the responsibility of knowing that their acts were intentional, deliberately, and recklessly made and for the purpose of greed.

## **RELIEF REQUESTED**

1. Plaintiff demands a trial by jury to be comprised of 12 members to determine all issues of fact in dispute and to award all damages.

2. Plaintiff asks for a court order declaring the Trustee Auction for Plaintiff's Property, Trustee's Deed Upon Sale, and the unlawful money claimed to be paid in Lawful Money of the United States be ordered Null and Void.

3. Plaintiff asks for Actual, Compensatory and Punitive Damages from each defendant under each Cause of Action as follows:

## **AS TO THE FIRST CAUSE OF ACTION**

## **FOR VIOLATION AND BREACH OF SUPERIOR COURT OF CALIFORNIA PENDING HEARING ISSUEED ON PRELIMINARY INJUNCTION**

1. For Actual Damages in the amount of $324,285.08.

COMPLAINT AT LAW

2. For Compensatory Damages in the amount of $324,285.08.

3. For Punitive Damages in the amount of $324,285.08; and

4. For a Total amount of $972,855.24 from each herein named defendants (pursuant to Title 18 U.S.C. Section 1964).

## AS TO THE SECOND CAUSE OF ACTION

## FOR VIOALTION OF ARTICLE 1. MORTGAGE, 2924.12 (a) (1) AND 2924.12 (2) (b), A CALIFORNIA CODE OF CIVIL PROCEDURE

1. For Actual Damages in the amount of $324,285.08.

2. For Compensatory Damages in the amount of $324,285.08.

3. For Punitive Damages in the amount of $324,285.08; and

4. For a Total amount of $972,855.24 from each herein named defendants (pursuant to Title 18 U.S.C. Section 1964).

## AS TO THE THIRD CAUSE OF ACTION

## FOR VIOLATION OF CODE OF CIVIL PROCEDURE 729.030 (b), A SECTION OF CALIFORNIA REDEMPTION LAW

1. For Actual Damages in the amount of $324,285.08.

2. For Compensatory Damages in the amount of $324,285.08.

3. For Punitive Damages in the amount of $324,285.08; and

4. For a Total amount of $972,855.24 from each herein named defendants (pursuant to Title 18 U.S.C. Section 1964).

## AS TO THE FOURTH CAUSE OF ACTION

COMPLAINT AT LAW

## FOR WRONGFUL TRUSTEE SALE

1. For Actual Damages in the amount of $324,285.08.

2. For Compensatory Damages in the amount of $324,285.08.

3. For Punitive Damages in the amount of $324,285.08; and

4. For a Total amount of $972,855.24 from each herein named defendants (pursuant to Title 18 U.S.C. Section 1964).

## AS TO THE FIFTH CAUSE OF ACTION

## FOR WRONGFUL TRUSTEE DEED UP SALE

1. For Actual Damages in the amount of $324,285.08.

2. For Compensatory Damages in the amount of $324,285.08.

3. For Punitive Damages in the amount of $1,324,285.08; and

4. For a Total amount of $972,855.24 from each herein named defendants (pursuant to Title 18 U.S.C. Section 1964).

## AS TO THE SIXTH CAUSE OF ACTION

## FOR VIOLATION OF NOTICE LAW

1. For Actual Damages in the amount of $324,285.08.

2. For Compensatory Damages in the amount of $324,285.08.

3. For Punitive Damages in the amount of $324,285.08; and

COMPLAINT AT LAW

4. For a Total amount of $972,855.24 from each herein named defendants (pursuant to Title 18 U.S.C. Section 1964).

## AS TO THE SEVENTH CAUSE OF ACTION

## FOR VIOLATION FOR FAILURE TO SUPPORT THE UNITED STATES CONSTITUTION AND THE STATE OF CALIFORNIA CONSTITUTION AND PLAINTIFF'S RIGHTS

1. For Actual Damages in the amount of $324,285.08.

2. For Compensatory Damages in the amount of $324,285.08.

3. For Punitive Damages in the amount of $324,285.08; and

4. For a Total amount of $972,855.24 from each herein named defendants (pursuant to Title 18 U.S.C. Section 1964).

## AS TO THE EIGHTH CAUSE OF ACTION

## FOR INTENTIONAL INFILCTION OF EMOTIONAL DISTRESS

1. For Actual Damages in the amount of $324,285.08.

2. For Compensatory Damages in the amount of $324,285.08.

3. For Punitive Damages in the amount of $324,285.08; and

4. For a Total amount of $972,855.24 from each herein named defendants (pursuant to Title 18 U.S.C. Section 1964).

## DEMAND FOR TRIAL BY JURY

COMPLAINT AT LAW

1. Plaintiff demands a trial by jury under the 7th Amendment and all issues in the Complaint, and that the jury be comprised of twelve members to determine all issues of fact in dispute and to determine and award plaintiff all damages stated in plaintiff's complaint. The plaintiff always demands all his rights and waives none of his rights at any time.

## CONSENT TO DISTRICT JUDGE JURISDICTION

1. Plaintiff requests that a District Judge be designated as a referee to the herein matters stated in Plaintiff's Complaint and jury trial in this case.

Respectfully Submitted,

Edwin Ivan Guardia

## VERIFICATION

I, Edwin Ivan Guardia, (The Plaintiff) do hereby declare under the Penalty of Perjury under the Laws of the United States and State of California that based upon information and belief that the aforesaid to be true and correct.

Executed at _Chatsworth CA_        on _August 9th 2021_
            (City and state)                (date)

Edwin Ivan Guardia

//
//
//

COMPLAINT AT LAW

EXHIBIT "A"

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

This page is part of your document - DO NOT DISCARD



## 20201714228



Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/23/20 AT 08:00AM**

| | |
|---|---|
| FEES: | 30.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 105.00 |



LEADSHEET



202012230250024

00019593806



011606958

SEQ:
01

SECURE - 8:00AM



THIS FORM IS NOT TO BE DUPLICATED

E490076

1653243CAD_Package_2_

RECORDER MEMO: This COPY has not been QUALITY ASSURED.



LOS ANGELES, CA  Document:NT 2020.1714228

Branch :S5S   User :NRAM
RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDING REQUESTED BY
**Prestige Default Services**

AND WHEN RECORDED MAIL TO:
**Prestige Default Services**
**1920 Old Tustin Ave.**
**Santa Ana, California 92705**
**Phone: 949-427-2010**

16532432AD

| T.S. No.: 20-4377 | Loan No.: **7070 | SPACE ABOVE THIS LINE FOR RECORDER'S USE |
|---|---|---|
| APN: 2783-004-018 | | |

## NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다.

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO

TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP

LƯU Ý: KÈM THEO ĐẤY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 5/10/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **EDWIN I. GUARDIA A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY**
Duly Appointed Trustee: **PRESTIGE DEFAULT SERVICES**
Recorded 5/25/2006 as Instrument No. 06-1150489 of Official Records in the office of the Recorder of Los Angeles County, California,
Date of Sale: **1/29/2021 at 11:00 AM**
Place of Sale:   **By the fountain located at 400 Civic Center Plaza, Pomona, CA 91766**
Amount of unpaid balance and other charges: **$323,983.92**
Street Address or other common designation of real property:   **8336 CALVIN AVENUE NORTHRIDGE, CA 91324**

A.P.N.: 2783-004-018

BOOK: 2321-CV-MRAM
RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property. **All checks payable to Prestige Default Services.**

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 730-2727 or visit this Internet Web site https://www.servicelinkasap.com/default.aspx, using the file number assigned to this case 20-4377. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

NOTICE TO TENANT: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call (714) 730-2727, or visit this internet website https://www.servicelinkasap.com/default.aspx, using the file number assigned to this case 20-4377 to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

Date: 12/21/2020

**PRESTIGE DEFAULT SERVICES**
1920 Old Tustin Ave.
Santa Ana, California 92705
Sale Line: (714) 730-2727

Briana Young, Trustee Sale Officer

EXHIBIT "B"

 The State Bar *of California*

**Michelle Rene Ghidotti #232837**
**License Status: Active**

Address: Ghidotti | Berger, LLP, 1920 Old Tustin Ave, Santa Ana, CA 92705-7811
Phone: 949-427-2010 | Fax: 949-427-2732
Email: mghidotti@ghidottiberger.com | Website: Not Available

## More about This Attorney ▲

**CLA Sections:**                              None

The California Lawyers Association (CLA) is an independent organization and is not part of the State Bar of California.

**Self-Reported Practice Areas:** None reported

**Additional Languages Spoken:**

- By the attorney: None reported
- By staff: None reported

**Law School:** Chapman Univ SOL; Orange CA

**All changes of license status due to nondisciplinary administrative matters and disciplinary actions.**

| Date | License Status ℹ | Discipline ℹ | Administrative Action ℹ |
|---|---|---|---|
| Present | Active | | |
| 12/1/2004 | Admitted to the State Bar of California | | |

**Additional Information:**

- About the disciplinary system

Copyright © 2021 The State Bar of California

  

EXHIBIT "C"

# ATTORNEY'S OATH OF OFFICE

CALIFORNIA BUSINESS AND PROFESSIONS CODE
  6067.  Oath.  Every person on his admission shall take an oath
to support the Constitution of the United States and the
Constitution of the State of California, and faithfully to
discharge the duties of any attorney at law to the best of his
knowledge and ability.  A certificate of the oath shall be
indorsed upon his license.
  (Added by Stats. 1939, c 34. p. 354, Sec. 1.)

NOTE:  There are no attorneys licensed in California.  When asked,
none can produce a certificate.  At best, an attorney can only
produce his Bar membership card (privately issued by the
Bar Association) and a letter of acknowledgement from the state
supreme court.

The California Bar Association was incorporated in 1903.
According to the incorporation papers, the corporation would
exist for 50 years.  In 1953 the corporation ceased to exist.
The Bar Association now does not officially exist in California.
It operates as a chapter of the national organization, probably
as a common law association.  The California Secretary of State
does not have any record of the Association since 1953.  Any
corporation is required to register with the Secretary of
State, even municipal and non-profit corporations.  The
Association has not done so since 1953.

MORE LAWNOTES     HOME

Case 2:21-cv-06447-SB-MRW Document 1 Filed 08/10/21 Page 42 of 104 Page ID #:42

knowledge and ability. As an officer of the court, I will strive to conduct myself at all times with dignity, courtesy, and integrity."

According to Mr. Douglas DeGrave, immediate past president of the California Chapters of the American Board of Trial Advocates (CAL-ABOTA), "This revision to the oath is an historic moment for the legal community. This change in the oath should remind us of our obligations beyond that of zealous advocacy on behalf of our clients. As professionals, we have an obligation to conduct ourselves with dignity, courtesy, and integrity. Many have forgotten these very principles to which we, as professionals, should always adhere. As an organization, CAL-ABOTA is proud of this accomplishment and our partnership with the State Bar. Needless to say, we are very pleased with the adoption of rule 9.4."

###

EXHIBIT "D"

Mr. Edwin I. Guardia
20656 Blackhawk Street
Chatsworth, California 91311
(818) 423-1862

September 17, 2021

Prestige Default Services
1920 Old Tustin Ave.,
Santa Ana, California 92705

RE.:  TRUSTEE SALE SCHEDULED: JANUARY 29, 2021; COURT FILED PRELIMINARY INJUNCTION

TO:  Prestige Default Services; Briana Young, Trustee Sale Officer for Prestige Default Services;
and to Whom It May Concern.

## ACTUAL NOTICE AND DEMAND

**NOTICE IS HEREBY GIVEN to,** Prestige Default Services, Briana Young, (Trustee Sales Officer for
Prestige Default Services) and To Whom It May Concern that, Mr. Edwin I. Guardia, is a Plaintiff
against each of you named and those named in the **Complaint at Law, ("Lawsuit") for <u>Civil and
Criminal Claims and Allegations,</u> (<u>the Claims and Criminal Allegations are Serious</u>) and a <u>Filed
Recorded Preliminary Injunction</u>** have been filed in the Court named in the Complaint against
said defendants which the above are defendants. **(See Attachments).**

 If you proceed to sale the property located at: 8336 Calvin Ave., in the City of Chatsworth,
California 91311 after having personal knowledge, to a buyer and/or buyers and/or investors(s)
thus causing that person(s) or business entity not named in the Complaint at Law to become a
defendant(s) (or if they are/is a defendant(s)) (they/he or she); you and/or each of you could be
jailed as the result of any personal, private or recommendations of another to sale the said
property without the judge's hearing on the Preliminary Injunction on the said trustee's sale, the
court ordered scheduled with the **said Judge on the (<u>Civil and Criminal Claims and Allegations
that are Serious</u>)** named in the in Mr. Edwin I. Guardia, (the Plaintiff's) Complaint. Violating the

1 of 3 | P a g e

Court's ordered hearing on the trustee sale of plaintiff's said property is/are grounds for possible subject to jail as the complaint alleges criminal allegations certainly a risk not to employ. **"<u>You been advised</u>"**.

**PLEASE TAKE NOTICE** that, the Complaint at Law filed will be heard before jurists in a jury trial in the Superior Court of California under **<u>Case Number: 21STCV00700</u>;** this case has not been brought to trial and there is a scheduled hearing on the Preliminary Injunction challenging the trustee sale and other Civil and Criminal Claims and Allegations against the above and those named in the Complaint at Law ("Law Suit") and until such time that the hearing is in place all interest in the scheduled Trustee Sale must Cease and Desist immediately as this is informed by the Court and the Honorable Judge Robert S. Draper. **(<u>"Those named above and other of concerns have been advised"</u>).**

The plaintiff has filed his complaint per the 7th amendment of the United States Constitution which says:

"suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved".

**PLEASE TAKE NOTICE**, that the violations in plaintiff's complaint are as follows.

1. Breach of Real Estate Agreement/Contract, Impaired Covenant of Good Faith and Fair Dealing.
2. Fraud in the Factum.
3. Usury and Misrepresentations.
4. Theft and Embezzlement of Promissory Note Deposit of Money.
5. Theft of Real Property.
6. Violation of Generally Accepted Accounting Principles GAAP and Generally Accepted Auditing System GAAS.
7. Violation of Notice Law.
8. Violation of Disclosure Law.
9. Violation of Fair Debt Collection Practices Act.
10. Violation of Administrative Procedure Act.
11. Violation of Truth in Lending Act (Regulation "Z").
12. Violation to provide the Right to Adequate Assurance of Due performance.
13. Violation of Federal Deposit Insurance Corporation (FDIC) Rules and Practices and Procedures.

Cc: SN Servicing Corporation
Cc: Allison Holland, Vic Present for SN Servicing Corporation

14. Wrongful Foreclosure Process and Trustee Sale of Real Estate Property
15. Intentional Infliction of Emotional Distress.

THE FOLLOWING FEDERAL STATUTES WILL IN ADDITION TO SAID BE VIOLATED IF YOU
CONTINUE TO SALE, TRANSFER, AND CONVEY, and CONVERT the property located at: 8336
Calvin Ave., Chatsworth, California 91311, to any buyers(s) and/or investor(s) thus causing that
person(s) and/or entity (ies) a victim and defendant(s). The statutes you and each named in
said complaint will be further in violation of the followings:

1. Title 42, U.S.C. Sec. 1983 et seq.
2. Title 18, Se. 241 and 242.

Title 42, U.S.C Section 1983 reads: "EVERY PERSON WHO, UNDER COLOR OF ANY
STATUTE, ORDINANCE, REGULATION, CUSTOM OR USAGE, OF ANY STATESUBJECTS OR
CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES OR OTHER PERSON
WITHIN THE JURISDICTION THEREOF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES,
OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE
PARTY IMJURED IN CIVIL ACTION AT LAW, SUIT IN EQUITY, OR OTHER PTOPER
PROCEEDINGS FOR REDRESS".

TITLE 42, U.S.C. 1986 reads: "EVERY PERSON WHO, HAVING KNOWLEDGE THAT ANY
WRONGS CONSPIRED TO BE DONE, AND MENTIONED IN THE PRECEDING SECTION (42
U.S.C. 1985), ARE ABOUT TO BE COMMITTED, AND HAVING POWER TO PREVENT OR AID
IN PREVENTING THE COMMISSION OF THE SAME, NEGLECTS OR REFUSES SO TO DO, IF
SUCH WRONGFUL ACTS BE COMMITTED, SHALL BE LIABLE TO THE PARTY INJURED..."

TITLE 18, SECTION 241 reads: "If two or more persons conspire to injure, oppress,
threaten, or intimidate any citizen in the free exercise or enjoyment of any right or
privilege secured to him by the Constitution or laws of the United States...They shall be
fined not more than $10,000.00 or imprisoned not more than ten years or both."

And did so violated TITLE 18, U.S. Code 1001 and TITLE 18, Sec. 1621.

I, Mr. Edwin I. Guardia, ("Plaintiff and Declarant"), do hereby declare that
aforementioned to the best of my knowledge and Belief to be true and correct.

_____

Mr. Edwin I. Guardia

Cc: SN Servicing Corporation
Cc: Allison Holland, Vic Present for SN Servicing Corporation

EXHIBIT "E"

1    Edwin I. Guardia
2    20656 Blackhawk Street
     Chatsworth, CA 91311
3    (818) 423-1862

4    In Pro-Se

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 08 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By: Cristina Grijalva, Deputy

5

6       IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

7             FOR THE COUNTY OF LOS ANGELES

8               STANLEY MOSK COURTHOUSE

9

10   EDWIN I. GUARDIA,          )  CV - Case No.  21STCV00760

11      Plaintiff,          )

12        vs.               )

13                        )  COMPLAINT AT LAW
    CITIMORTGAGE, INC., (Lender) A New )

14   York Corporation; U.S. BANK TRUST  )  COMPLAINT FOR REAL PROPERTY,

15   NATIONAL ASSOCIATION, as Trustee of )  MONETARY RELIEF AND FOR EQUITABLE,
                         )  ACTUAL, COMPENSATORY AND PUNITIVE

16   the Cabana Series IV Trust; SN SERVICING )  DAMAGES

17   CORPORATION, (An Alaska Corporation)  )

18   Attorney in Fact for U.S. Bank Trust National )  1. BREACH OF REAL ESTATE
                         )     AGREEMENT/CONTRACT, IMPAIRED

19   Association, as Trustee of the Cabana Series )    COVENANT OF GOOD FAITH AND FAIR
    IV Trust; ALLISON HOLLAND, Vice     )    DEALING.

20                         )  2. FRAUD IN THE FACTUM.
   President for SN Servicing Corporation;  )  3. USURY AND MISREPRESENTATION.

21   PRESTIGE DEFAULT SERVICES, Trustee; )  4. THEFT AND EMBEZZLEMENT OF
                         )    PROMISSORY NOTE DEPOSIT MONEY.

22   BRIANA YOUNG, Trustee Sale Officer for )  5. THEFT OF REAL PROPERTY.

23   Prestige Default Services; and DOES 1   )  6. VIOLATION OF GAAP AND GAAS.
                         )  7. VIOLATION OF NOTICE LAW.

24   through 25, Inclusive,         )  8. VIOLATION OF DISCLOSURE LAW.
                         )  9. VIOLATION OF FAIR DEBT COLLECTION

25                         )    PRACTICES ACT.
      Defendants.         )  10. VIOLATION OF ADMINISTRATIVE

26                         )     PROCEDURE ACT.

27   ————————————————  )  11. VIOLATION OF TRUTH IN LENDING ACT
                         )     (REGULATION Z).

28                         )  12. VIOLATION TO PROVIDE THE RIGHT TO

- 1 -

COMPLAINT FOR REAL PROPERTY, MONETARY RELIEF AND FOR
EQUITABLE, ACTUAL, COMPENSATORY AND PUNITIVE DAMAGES

ADEQUATE ASSURANCE OF DUE PERFORMANCE;

13. VIOLATION OF FEDERAL DEPOSIT INSURANCE (FDIC) RULES OF PRACTICES AND PROCEDURES; FINANCING, INC.,BUSINESS;

14. WRONGFUL FORECLOSURE PROCESS AND TRUSTEE SALE OF REAL ESTATE PROPERTY;

15. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

**DEMAND FOR TRIAL BY JURY F.R.Cv.P 38**

## COMPLAINT FOR REAL PROPERTY, MONETARY RELIEF AND FOR EQUITABLE, ACTUAL, COMPENSATORY AND PUNITIVE DAMAGES

NOW COMES The Plaintiff EDWIN I. GUARDIA, (The Plaintiff) and for all purposes hereinafter (The Plaintiff), acting in the temporary capacity of Propria Personal (Pro-Se) and relying on the decision in _Haines vs. Kerner_ 404 U.S. 519, 520 and shows his Complaint against the defendants as follows.

### JURISDICTION AND VENUE

1. The harms and obligations sued upon were incurred and occurred in Los Angeles County. This Court is the proper court for the trial of this action.

2. Jurisdiction is premised upon the fact that the damages suffered by Plaintiff are in excess of the minimum sum ($25,000) required for Unlimited Civil Jurisdiction in the Superior Court of the State of California.

– 2 –

COMPLAINT FOR REAL PROPERTY, MONETARY RELIEF AND FOR EQUITABLE, ACTUAL, COMPENSATORY AND PUNITIVE DAMAGES

EXHIBIT "F"

1    Edwin I. Guardia
     20656 Blackhawk Street
2    Chatsworth, CA 91311
     (818) 423-1862
3

4    In Pro-Se

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**JAN 08 2021**

Sherri R. Carter, Executive Officer/Clerk of Court
By: Cristina Grijalva, Deputy

5

6        IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

7              FOR THE COUNTY OF LOS ANGELES

8                STANLEY MOSK COURTHOUSE

9

10    EDWIN I. GUARDIA,

11        Plaintiff,

12          vs.

13    CITIMORTGAGE, INC. et al.

14

15        Defendants.

Case No. **21STCV00700**

**NOTICE OF MOTION AND MOTION**
**FOR PRELIMINARY INJUNCTION**

**WITH ATTACHED EXHIBITS AND**

(With Declaration in Support Thereof)
Pursuant to Cal. Code. of Civ. Proc. 526(a) and
Pursuant to California Courts/The Judicial
Branch of California

Date: 1/06/2022
Time: 8:30 AM
Department: 78
Reservation # 016806155390822106647733
Judge: ROBERT S. DRAPER
Date Action Filed: 1/8/2021
Location: Stanley Mosk Courthouse
111 N Hill St, Los Angeles, 90012

To Defendants: PRESTIGE DEFAULT SERVICES and their attorneys of record.

To Defendants: SN SERVICING CORPORATION and their attorneys of record.

To: Defendants: U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee of the Cabana Series
IV Trust and their attorneys of record.

1  NOTICE IS HEREBY GIVEN that on ___1/06___, 2021 at __8:30 AM__ or as soon

2  as the matter may be heard in the above listed department of this court., located at 111 N Hill St,

3  Los Angeles, 90012, EDWIN I. GUARDIA will, and hereby does move for the issuance of a

4  Preliminary Injunction Preventing the above-named defendants and their representatives and their

5  associate(s), from conducting a Trustee Sale of Real Property located at: 8336 Calvin Ave.,

6

7  Northridge, CA 91324.

8      This motion is made pursuant to the provision of Code of Civil Procedure section 526(a) on

9  the grounds and attached exhibits as follows:

10

11     On January 8, 2021 Plaintiff EDWIN I. GUARDIA, filed with the Superior Court of Los

12  Angeles, Stanley Mosk Courthouse, a Complaint for Real Property, Monetary Relief and For

13  Equitable, Actual, Compensatory and Punitive Damages in which a Jury Trial has been demanded

14  and paid for (See Exhibit "A", Complaint). Plaintiff learned that his real property was unlawfully

15  transferred to defendants SN Servicing Corporation and U.S. Bank Trust National Association, as

16  Trustee of the Cabana Series IV Trust via defendant Prestige Default Services, and that defendant

17  Prestige Default Services will be attempting to make an illegal sale of Plaintiff's real property

18  located at: 8336 Calvin Ave., Northridge, CA 91324 on January 29, 2021 at 11:00AM while the

19  said property is under the jurisdiction of the Superior Court of California and that the case has not

20  been brought to trial before members of jury.

21

22     This motion is based upon Plaintiffs Declaration in Support of motion for Preliminary

23  Injunction against above named defendants their representatives and associates who may be

24  attempting to cause a Gross Error if they continue with a Trustee Sale without having this matter

25  heard before the said Court and in compliance with the Superior Court of California's General

26  Orders and the Emergency Rule related to COVID 19 and the said adjudicated and decreed.

27

28

Page 2 of 4

1    Pursuant to CCP Section 3.1308(a) the court will make a tentative ruling on the

2    merits of this matter; the court day before the hearing. The complete text of the rulings for this

3    department may be downloaded off the court's website.

4

5

6                                                                    Respectfully Submitted,

7    Dated:    January 8, 2021

8                                                                    Edwin I. Guardia

9

10

11          **DECLARATION IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR**
                                    **PRELIMINARY INJUNCTION**

12

13

14   I, Edwin I. Guardia (The Plaintiff and Declarant) do hereby declare the following:

15       1. That I am the Plaintiff named in the matter before the court.

16       2. That I did file the Complaint for Real Property located at: 8336 Calvin Ave., Northridge, CA

17          91324 and did file this Notice of Motion and Motion for Preliminary Injunction.

18

19       3. That this motion is in need of a ruling in favor of the plaintiff's motion in that, the content of

20          this motion and exhibits offer as a burden of proof that the prevention would be appropriate

21          until the matter has been adjudicated and a final decree rendered by the members of the jury.

22       4. That, plaintiff is not an attorney registered with any State or local BAR. Only that plaintiff is a

23          lay person in law executing his rights to prevent a Gross Error if defendants moves to

24          disregard Jurisdiction and Orders of the Court, The Governor, Mayoral Executive Orders, and

25          General Orders as to COVID-19 in any kind of physical appearance to the matter before this

26

27          Court or as stated in this motion.

28

                                        Page 3 of 4

5. That, I, Edwin I. Guardia (Plaintiff and Declarant) do hereby declare under the PENALTY OF PERJURY under the Laws of the State of California based upon information and Belief that the aforesaid is true and correct.

Date:   January 8, 2021

Edwin I. Guardia

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Page 4 of 4

## PROOF OF SERVICE BY UNITED STATES MAIL
## AND
## DECLARATION OF CHARLES JORDAN
### (Code of Civil Procedure Section 1015)
### (28 U.S.C. Section 1746)

I, CHARLES JORDAN, depose and say, the following statement is true and correct under the penalty of perjury according to the laws of the State of California based on matters known to me personally to be true:

1) I am over the age of eighteen years and not a party to the Case No.: 21STCV00700 located at: Superior Court of Los Angeles, Stanley Mosk Courthouse, 111 N Hill St, Los Angeles, 90012, and is a resident of the State of California with a present address of:

20656 Blackhawk Street, Chatsworth, CA 91311

2) **By Mail**: On this January 8, 2021, I caused a true and correct copy of the following document and exhibits by placing thereof enclosed in a sealed envelope with the postage thereon fully prepaid by depositing them in the United States Post Office in Castaic, California

Documents Served on Defendants: PRESTIGE DEFAULT SERVICES; SN SERVICING CORPORATION; and U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee of the Cabana Series IV Trust.

a) NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION

3) Declaration of Charles Jordan:
   I, Charles Jordan, do hereby declare that I served the above document and exhibits on the following defendants:

   1. PRESTIGE DEFAULT SERVICES - 1920 OLD TUSTIN AVENUE, SANTA ANA CA 92705
   2. SN SERVICING CORPORATION - 13702 COURSEY BOULEVARD, BUILDING 1A, BATON ROUGE LA 70817
   3. U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee of the Cabana Series IV Trust - 180 5th St E Ste 200 Saint Paul, MN 55101 United States

I, Charles Jordan, declare under the penalty of perjury under the laws of the United States of California that the foregoing is true and correct.

Executed on January 8, 2021 at Castaic, California.

Charles Jordan

EXHIBIT "G"

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 25 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By: Cristina Grijalva. Deputy

1 | Edwin I. Guardia
2 | 20656 Blackhawk Street
   | Chatsworth, CA 91311
3 | (818) 423-1862

4 | In Pro-Se

5 | IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

6 | FOR THE COUNTY OF LOS ANGELES

7 | STANLEY MOSK COURTHOUSE

8

9

10 | EDWIN I. GUARDIA,

11 | Plaintiff,                           Case No. 21STCV00700

12 | vs.

13 | CITIMORTGAGE, INC. et al,            NOTICE TO COURT AND ALL INTERESTED
   | Defendants.                         PARTIES THAT DEFENDANTS PRESTIGE
14 |                                     DEFAULT SERVICES ATTORNEY,
   |                                     MICHELLE R. GHIDOTTI-GONSALVES,
15 |                                     (SBN#: 27180) FOUNDER OF PRESTIGE
   |                                     DEFAULT SERVICES IS UNDER INTENSE
16 |                                     INVESTIGATION BY THE STATE BAR OF
   |                                     CALIFORNIA, OFFICE OF INSPECTOR
17 |                                     GENERAL, (Federal Housing Finance Agency),
   |                                     THE STATE OF CALIFORNIA DEPARTMENT
18 |                                     OF JUSTICE, (Consumer Complaint Against A
   |                                     Business/Corporation) Head by XAVIER
19 |                                     BECERRA (Attorney General) for ILLEGAL
   |                                     TRUSTEE SALE AND FRAUDULENT
20 |                                     ACTIVITIES ON REAL PROPERTY AT: 8336
   |                                     Calvin Avenue, Northridge, California 91324.
21 |                                     (Pending Exhibits)

22

23

24

25

26 | TO THE ABOVE COURT, THE CLERK THEREOF, AND ALL CONCERNED PARTIES:

27

28

1

BRIEF IN SUPPORT OF NOTICE ESTABLISHING PLAINTIFF'S JURY TRIAL DEMAND

1    PLEASE TAKE NOTICE that Defendants Prestige Services and Founder MICHELLE R.

2    GHIDOTTI-GONSALVES, (SBN: 27180) is under Intense Investigation by The State Bar of

3    California, Office of Inspector General, (Federal Housing Finance Agency), The State of California

4    Department of Justice, (Consumer Complaint Against A Business/Corporation) Headed by Xavier

5    Becerra (Attorney General) for Illegal Trustee Sale and Fraudulent Activities on 83386 Calvin

6

7    Ave., Northridge, California 913424.

8    I, Edwin I. Guardia, do hereby declare under the penalty of perjury under the State of

9    California that the aforesaid based on information and belief to be true and correct.

10    Parcel No.: 2783-004-018.

11

12

13

14    Dated:  January 25, 2021

15                                                                Edwin I. Guardia

16

17

18

19

20

21

22

23

24

25

26

27

28

2
BRIEF IN SUPPORT OF NOTICE ESTABLISHING PLAINTIFF'S JURY TRIAL DEMAND

## PROOF OF SERVICE BY UNITED STATES MAIL
## AND
## DECLARATION OF CHARLES JORDAN
(Code of Civil Procedure Section 1015)
(28 U.S.C. Section 1746)

I, CHARLES JORDAN, depose and say, the following statement is true and correct under the penalty of perjury according to the laws of the State of California based on matters known to me personally to be true:

1) I am over the age of eighteen years and not a party to the Case No.: 21STCV00700 located at: Superior Court of Los Angeles, Stanley Mosk Courthouse, 111 N Hill St, Los Angeles, 90012, and is a resident of the State of California with a present address of:

20656 Blackhawk Street, Chatsworth, CA 91311

2) By Mail: On this January 25, 2021, I caused a true and correct copy of the following document and exhibits by placing thereof enclosed in a sealed envelope with the postage thereon fully prepaid by depositing them in the United States Post Office in Castaic, California

Documents Served on Defendants:
a) NOTICE TO COURT AND ALL INTERESTED PARTIES THAT DEFENDANTS PRETSIGE DEFAULT SERVICES ATTORNEY MICHELLE R. GHIDOTTI-GONSALVES (SBN# 232837), FOUNDER OF PRESTIGE DEFAULT SERVICES IS UNDER INTENSE INVESTIGATION BY THE STATE BAR OF CALIFORNIA OFFICE OF INSPECTOR GENERAL (FEDERAL HOUSING FINANCE AGENCY), STATE OF CALIFORNIA DEPARTMENT OF JUSTICE (CONSUMER COMPLAINT AGAINST A BUSINESS/CORPORATION), HEADED BY XAVIER BECERRA (ATTORNEY GENERAL) FOR ILLEGAL TRUSTEE SALE AND FRAUDULENT ACTIVITIES ON REAL PROPERTY AT: 8336 Calvin Ave, Northridge, California 91324

3) Declaration of Charles Jordan:

I, Charles Jordan, do hereby declare that I served the above document and exhibits on the following defendants:

1. CITIMORTGAGE, INC. - PO BOX 30509, TAMPA FL 33630
2. U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee of the Cabana Series IV Trust - 180 5th St E Ste 200 Saint Paul, MN 55101
3. SN SERVICING CORPORATION - 13702 COURSEY BOULEVARD, BUILDING 1A, BATON ROUGE LA 70817
4. ALLISON HOLLAND - 13702 COURSEY BOULEVARD, BUILDING 1A, BATON ROUGE LA 70817
5. PRESTIGE DEFAULT SERVICES - 1920 OLD TUSTIN AVENUE, SANTA ANA CA 92705
6. BRIANA YOUNG - 1920 OLD TUSTIN AVENUE, SANTA ANA CA 92705
7. MICHELLE R. GHIDOTTI-GONSALVES (SBN# 232837) - 1920 OLD TUSTIN AVENUE, SANTA ANA CA 92705

I, Charles Jordan, declare under the penalty of perjury under the laws of the United States of California that the foregoing is true and correct.

Executed on January 25, 2021 at Castaic, California.

Charles Jordan

EXHIBIT "H"

# Fax Confirmation Report

Sent via www.fax.plus



FAX.PLUS

**Date:** Jan 27. 2021 (Wed)
**Time:** 01:22:28 PM (UTC-08:00)

**From:** +1 818-351-1191 (ROBERT ALTER)
**To:** +1 949-427-2732

**Pages Sent:** 32
**Duration:** 22 min. 4 sec

**Status:** Successfully Sent

**First Page Thumbnail**



Validate the authenticity of this page by scanning the following QR code:

EXHIBIT "I"

# ATTN: PRESTIGE DEFAULT SERVICES; MICHELLE R. GHIDOTTI-GONSALVES (SBN# 232837); BRIANA YOUNG

1920 OLD TUSTIN AVENUE, SANTA ANA CA 92705

FAX NO.: (949) 427-2732

FROM: EDWIN I. GUARDIA

RE: 8336 Calvin Ave, Northridge, California 91324 (Parcel No: 2783-004-018)

APPLICATION TO COMPEL A CEASE-AND-DESIST TRUSTEE SALE DATED: JANUARY 29, 2021 ON, 8336 CALVIN AVENUE, NORTHRIDGE, CALIFORNIA 91324, DUE TO A COMPLAINT-AT-LAW, FILED JANUARY 08, 2021 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA; AND DUE TO A PRELIMINARY INJUCTION SCHDULED FOR A HEARING BEFORE THE HONORABLE: ROBERT S. DRAPER, (JUDGE); AND DUE TO THE INTENSE INVESTIGATION AGAINST DEFENDANTS, PRESTIGE DEFAULT SERVICES, THEIR ATTORNEY MICHELLE R. GHIDOTTI-GONSALVES (SBN#: 27180) BY THE STATE BAR OF CALIFORNIA, OFFICE OF INSPECTOR GENERAL, THE LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, AND THE STATE OF CALIFORNIA DEPARTMENT OF JUSTICE. EXHIBITS "A", "B", "C", "D", "E", and "F". (With Declaration in Support Thereof)

(30 pages)

# Fax Confirmation Report

Sent via www.fax.plus



FAX.PLUS

**Date:** Jan 27. 2021 (Wed)
**Time:** 01:22:28 PM (UTC-08:00)

**From:** +1 818-351-1191 (ROBERT ALTER)
**To:** +1 949-427-2732

**Pages Sent:** 32
**Duration:** 22 min, 4 sec

**Status:** Successfully Sent

### First Page Thumbnail



Validate the authenticity of this page by scanning the following QR code:

1   Edwin I. Guardia
    20656 Blackhawk Street
2   Chatsworth, CA 91311
    (818) 423-1862
3
    In Pro-Se
4

5              IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

6                     FOR THE COUNTY OF LOS ANGELES

7                        STANLEY MOSK COURTHOUSE

8

9   EDWIN I. GUARDIA,                | Case No. 21STCV00700
10           Plaintiff,              |
                                     |          **NON-APPEARANCE**
11      vs.                          |
                                     |              **EX-PARTE**
12  CITIMORTGAGE, INC. et al,        |
             Defendants.             | **APPLICATION TO COMPEL A CEASE-AND-DESIST**
13                                   | **TRUSTEE SALE DATED: JANUARY 29, 2021 ON, 8336**
                                     | **CALVIN AVENUE, NORTHRIDGE, CALIFORNIA 91324,**
14                                   | **DUE TO A COMPLAINT-AT-LAW, FILED JANUARY 08,**
                                     | **2021 IN THE SUPERIOR COURT OF THE STATE OF**
15                                   | **CALIFORNIA; AND DUE TO A PRELIMINARY**
                                     | **INJUNCTION SCHDULED FOR A HEARING BEFORE THE**
16                                   | **HONORABLE: ROBERT S. DRAPER, (JUDGE); AND DUE**
                                     | **TO THE INTENSE INVESTIGATION AGAINST**
17                                   | **DEFENDANTS, PRESTIGE DEFAULT SERVICES, THEIR**
                                     | **ATTORNEY MICHELLE R. GHIDOTTI-GONSALVES**
18                                   | **(SBN#: 27180) BY THE STATE BAR OF CALIFORNIA,**
                                     | **OFFICE OF INSPECTOR GENERAL, THE LOS ANGELES**
19                                   | **COUNTY DISTRICT ATTORNEY'S OFFICE, AND THE**
                                     | **STATE OF CALIFORNIA DEPARTMENT OF JUSTICE.**
20                                   | **EXHIBITS "A", "B", "C", "D", "E", and "F".**
                                     | **(With Declaration in Support Thereof)**
21
22                                   | Date: 01/29/2021
                                     | Time: 10:30AM
23                                   | Place: Department 78
24
25

26

27                                        1
                          NON-APPEARANCE APPLICATION TO COMPEL
28          CEASE-AND-DESIST TRUSTEE SALE DATED JANUARY 29, 2021
      ON, 8336 Calvin Ave., Northridge, California 91324. Exhibits "A". "B", "C", "D", "E", and "F".
                           With Declaration in Support Thereof.

1    TO:    THE PRESIDING HONORABLE (JUDGE).

2    TO:    TO PRESTIGE DEFUALT SERVICES AND THEIR ATTORNEY MICHELL R.

3    GHIDOTTI-GONSALVES, (SBN#: 27180); AND ALL INTERESTED PARTIES:

4

5

6    PLEASE TAKE NOTICE that Plaintiff, Edwin I. Guardia, hereby filed on January 27, 2021

7    an Non-Appearance Ex-Parte Application to Compel a Cease-and-Decease Trustee Sale date on

8    8336 Calvin Ave., Northridge, California 91324 due to a Los Angeles County Superior Court

9    Complaint-At-Law filed Jan. 08, 2021; Preliminary Injunction scheduled for a hearing before the

10    Honorable Robert S. Draper, (Judge); and due to Intense Investigation against Defendants: Prestige

11    Default Services and their attorney Michelle R, Ghidotti-Gonsalves (SBN#: 27180) by The State

12    Bar of California , Office of Inspector General, The Los Angeles County District Attorney's

13    Office, and The State of California Department of Justice. See Exhibits "A", "B". "C", "D", "E",

14    and "F".

15

16    PLEASE TAKE NOTICE, that the Court and Presiding, (Judge) will hold the Ex-Parte

17    hearing at The Superior Court of California, County of Los Angeles, 111 North Hill Street, Los

18    Angeles, California 90012 at the Date, Time, and Place stated above. Due to Plaintiff's having

19    Contacted COVID-19 symptoms, he will not be able to physically appear. If the defendants and

20    their attorney Michelle R. Ghidotti-Gonsalves wants to appear or appearance by Telephone it will

21    be respected by the plaintiff, the defendants and/or their attorney can contact the Court Clerk and

22    apply for a Telephone Conference Appearance it will be welcome the Plaintiff.

23

24    Dated:  January 27, 2021

25                                                            _Edwin I. Guardia_ (signature)

26                                                            Edwin I. Guardia

27

28
                                                    2
                        NON-APPEARANCE APPLICATION TO COMPEL
                CEASE-AND-DESIST TRUSTEE SALE DATED JANUARY 29, 2021
        ON, 8336 Calvin Ave., Northridge, California 91324. Exhibits "A". "B", "C", "D", "E", and "F".
                            With Declaration in Support Thereof.

**DECLARATION IN SUPPORT OF APPLICATION TO COMPEL A CEASE-AND-DESIST TRUSTEE SALE DATED: JANUARY 29, 2021 ON, 8336 CALVIN AVENUE, NORTHRIDGE, CALIFORNIA 91324, DUE TO A COMPLAINT-AT-LAW, FILED JANUARY 08, 2021 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA; AND DUE TO A PRELIMINARY INJUNCTION SCHDULED FOR A HEARING BEFORE THE HONORABLE: ROBERT S. DRAPER, (JUDGE); AND DUE TO THE INTENSE INVESTIGATION AGAINST DEFENDANTS, PRESTIGE DEFAULT SERVICES, THEIR ATTORNEY MICHELLE R. GHIDOTTI-GONSALVES (SBN#: 27180) BY THE STATE BAR OF CALIFORNIA, OFFICE OF INSPECTOR GENERAL, THE LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, AND THE STATE OF CALIFORNIA DEPARTMENT OF JUSTICE.**

I, EDWIN I. GUARDIA, (The Declarant), do hereby declare the following:

1. That I am the Plaintiff named in the matter before the court.

2. That I did file the Complaint for Real Property located at: 8336 Calvin Ave., Northridge, CA 91324 and did file this Notice of Motion and Motion to Compel A Cease-and-Desist of Trustee Sale Dated: January 29, 2021 on, 8336 Calvin Avenue, Northridge, California 91324.

3. That this motion is in need of a ruling in favor of the plaintiff's motion in that, the content of this motion and exhibits offer as a burden of proof that the prevention would be appropriate until the matter has been adjudicated and a final decree rendered by the members of the jury.

4. That, plaintiff is not an attorney registered with any State or local BAR. Only that plaintiff is a lay person in law executing his rights to prevent a Gross Error if defendants moves to disregard Jurisdiction and Orders of the Court.

5. That, I, Edwin I. Guardia (Plaintiff and Declarant) do hereby declare under the PENALTY OF PERJURY under the Laws of the State of California based upon information and Belief that the aforesaid is true and correct.

Dated: January 27, 2021

Edwin I. Guardia

## PROOF OF SERVICE BY UNITED STATES MAIL
## AND
## DECLARATION OF CHARLES JORDAN
(Code of Civil Procedure Section 1015)
(28 U.S.C. Section 1746)

I, CHARLES JORDAN, depose and say, the following statement is true and correct under the penalty of perjury according to the laws of the State of California based on matters known to me personally to be true:

1) I am over the age of eighteen years and not a party to the Case No.: 21STCV00700 located at: Superior Court of Los Angeles, Stanley Mosk Courthouse, 111 N Hill St, Los Angeles, 90012, and is a resident of the State of California with a present address of:

20656 Blackhawk Street, Chatsworth, CA 91311

2) By Fax: On this January 27, 2021, I caused a true and correct copy of the following document and exhibits by facsimile transmission to the defendants and their listed fax numbers.

Documents Served on Defendants:
  a) APPLICATION TO COMPEL A CEASE-AND-DESIST TRUSTEE SALE DATED: JANUARY 29, 2021 ON, 8336 CALVIN AVENUE, NORTHRIDGE, CALIFORNIA 91324, DUE TO A COMPLAINT-AT-LAW, FILED JANUARY 08, 2021 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA; AND DUE TO A PRELIMINARY INJUCTION SCHDULED FOR A HEARING BEFORE THE HONORABLE: ROBERT S. DRAPER, (JUDGE); AND DUE TO THE INTENSE INVESTIGATION AGAINST DEFENDANTS, PRESTIGE DEFAULT SERVICES, THEIR ATTORNEY MICHELLE R. GHIDOTTI-GONSALVES (SBN#: 27180) BY THE STATE BAR OF CALIFORNIA, OFFICE OF INSPECTOR GENERAL, THE LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, AND THE STATE OF CALIFORNIA DEPARTMENT OF JUSTICE. EXHIBITS "A", "B", "C", "D", "E", and "F". (With Declaration in Support Thereof)

3)    Declaration of Charles Jordan:
    I, Charles Jordan, do hereby declare that I served the above document and exhibits on the following defendants:

  1. SN SERVICING CORPORATION – (916) 231-2500
  2. ALLISON HOLLAND – (707)443-1562
  3. PRESTIGE DEFAULT SERVICES – (949) 427-2732
  4. BRIANA YOUNG - (949) 427-2732
  5. MICHELLE R. GHIDOTTI-GONSALVES (SBN# 232837) – (949) 427-2732

    I, Charles Jordan, declare under the penalty of perjury under the laws of the United States of California that the foregoing is true and correct.

Executed on January 27, 2021 at Castaic, California.

Charles Jordan

EXHIBIT "J"


Cornell Law School

Legal Information Institute [LII]
OPEN ACCESS TO LAW SINCE 1992

ABOUT LII     GET THE LAW     LAWYER DIRECTORY     LEGAL ENCYCLOPEDIA     HELP OUT

LII > U.S. Constitution > Article I

## Section 10.

No state shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money; emit bills of credit; make anything but gold and silver coin a tender in payment of debts; pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts, or grant any title of nobility.

No state shall, without the consent of the Congress, lay any imposts or duties on imports or exports, except what may be absolutely necessary for executing it's inspection laws: and the net produce of all duties and imposts, laid by any state on imports or exports, shall be for the use of the treasury of the United States; and all such laws shall be subject to the revision and control of the Congress.

No state shall, without the consent of Congress, lay any duty of tonnage, keep troops, or ships of war in time of peace, enter into any agreement or compact with another state, or with a foreign power, or engage in war, unless actually invaded, or in such imminent danger as will not admit of delay.

EXHIBIT "K"

LII > U.S. Code > Title 31 > SUBTITLE IV > CHAPTER 51 > SUBCHAPTER I
> § 5103

# 31 U.S. Code § 5103 - Legal tender

U.S. Code    Notes

United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts.

(Pub. L. 97–258, Sept. 13, 1982, 96 Stat. 980; Pub. L. 97–452, § 1(19), Jan. 12, 1983, 96 Stat. 2477.)

💼 U.S. Code Toolbox

Law about... Articles from Wex
Table of Popular Names
Parallel Table of Authorities
How current is this?

34

<u>31 U.S.C.a 392</u>:

"All coins and currencies of the United States (including Federal Reserve Notes and circulating notes of Federal Reserve banks and national banking associations), regardless of when coined or issued, shall be legal tender for all debts, public and private, public charges, taxes, duties, and dues."

EXHIBIT "L"

# U.S. DEPARTMENT OF THE TREASURY

## Resource Center

## Legal Tender Status

**I thought that United States currency was legal tender for all debts. Some businesses or governmental agencies say that they will only accept checks, money orders or credit cards as payment, and others will only accept currency notes in denominations of $20 or smaller. Isn't this illegal?**

The pertinent portion of law that applies to your question is the Coinage Act of 1965, specifically Section 31 U.S.C. 5103, entitled "Legal tender," which states: "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues."

This statute means that all United States money as identified above are a valid and legal offer of payment for debts when tendered to a creditor. There is, however, no Federal statute mandating that a private business, a person or an organization must accept currency or coins as for payment for goods and/or services. Private businesses are free to develop their own policies on whether or not to accept cash unless there is a State law which says otherwise. For example, a bus line may prohibit payment of fares in pennies or dollar bills. In addition, movie theaters, convenience stores and gas stations may refuse to accept large denomination currency (usually notes above $20) as a matter of policy.

### What are Federal Reserve notes and how are they different from United States notes?

Federal Reserve notes are legal tender currency notes. The twelve Federal Reserve Banks issue them into circulation pursuant to the Federal Reserve Act of 1913. A commercial bank belonging to the Federal Reserve System can obtain Federal Reserve notes from the Federal Reserve Bank in its district whenever it wishes. It must pay for them in full, dollar for dollar, by drawing down its account with its district Federal Reserve Bank.

Federal Reserve Banks obtain the notes from our Bureau of Engraving and Printing (BEP). It pays the BEP for the cost of producing the notes, which then become liabilities of the Federal Reserve Banks, and obligations of the United States Government.

Congress has specified that a Federal Reserve Bank must hold collateral equal in value to the Federal Reserve notes that the Bank receives. This collateral is chiefly gold certificates and United States securities. This provides backing for the note issue. The idea was that if the Congress dissolved the Federal Reserve System, the United States would take over the notes (liabilities). This would meet the requirements of Section 411, but the government would also take over the assets, which would be of equal value. Federal Reserve notes represent a first lien on all the assets of the Federal Reserve Banks, and on the collateral specifically held against them.

Federal Reserve notes are not redeemable in gold, silver or any other commodity, and receive no backing by anything This has been the case since 1933. The notes have no value for themselves, but for what they will buy. In another sense, because they are legal tender, Federal Reserve notes are "backed" by all the goods and services in the economy.

### What are United States Notes and how are they different from Federal Reserve notes?

United States Notes (characterized by a red seal and serial number) were the first national currency, authorized by the Legal Tender Act of 1862 and began circulating during the Civil War. The Treasury Department issued these notes directly into circulation, and they are obligations of the United States Government. The issuance of United States Notes is subject to limitations established by Congress. It established a statutory limitation of $300 million on the amount of United States Notes authorized to be outstanding and in circulation. While this was a significant figure in Civil War days, it is now a very small fraction of the total currency in circulation in the United States.

Both United States Notes and Federal Reserve notes are parts of our national currency and both are legal tender. They circulate as money in the same way. However, the issuing authority for them comes from different statutes. United States Notes were redeemable in gold until 1933, when the United States abandoned the gold standard. Since then, both currencies have served essentially the same purpose, and have had the same value. Because United States Notes serve no function that is not already adequately served by Federal Reserve Notes, their issuance was discontinued, and none have been placed in to circulation since January 21, 1971.

Legal Tender Status

The Federal Reserve Act of 1913 authorized the production and circulation of Federal Reserve notes. Although the Bureau of Engraving and Printing (BEP) prints these notes, they move into circulation through the Federal Reserve System. They are obligations of both the Federal Reserve System and the United States Government. On Federal Reserve notes, the seals and serial numbers appear in green.

United States notes serve no function that is not already adequately served by Federal Reserve notes. As a result, the Treasury Department stopped issuing United States notes, and none have been placed into circulation since January 21, 1971.

EXHIBIT "M"

7/13/2021

Case 2:21-cv-06447-SB-MRW    Document 1    Filed 08/10/21    Page 78 of 104    Page ID
The Law Offices of Michelle Ghidotti - Managing Partner
#:78



Home    About    Association Memberships    Contact Us

# Managing Partner | Attorneys



### Michelle R. Ghidotti-Gonsalves, Esq.
### Principal Attorney

Contact Michelle R. Ghidotti-Gonsalves, Esq. at mghidotti@ghidottilaw.com or (949) 427-2010.

Michelle Ghidotti-Gonsalves, Principal Attorney at The Law Offices of Michelle Ghidotti, was born and raised in Chicago, Illinois. Ms. Ghidotti-Gonsalves obtained a Bachelor Degree in Business Finance Magna Cum Laude from Western Illinois University in 2001 where she was actively involved in numerous campus organizations including the Alpha Sigma Tau sorority and the Beta Gamma Sigma business fraternity. Ms. Ghidotti-Gonsalves moved to California in 2001 and received her Juris Doctorate with a Taxation emphasis from Chapman University School of Law in 2004 where she was awarded a CALI Award for academic excellence in Taxation of Business Organizations and was named the Distinguished Tax Scholar of the Year in 2004. Ms. Ghidotti-Gonsalves is admitted to the state and federal court of California, Arizona, Washington and Illinois.

Ms. Ghidotti-Gonsalves has been practicing law since 2004 and has extensive legal experience with a business background. Prior to forming the Law Offices of Michelle Ghidotti, Ms. Ghidotti-

Gonsalves worked at Attlesey Storm, LLP, successor to Miller and Clark, PC. During Ms. Ghidotti-Gonsalves' practice as an associate attorney, she developed considerable experience representing financial institutions and related entities in a broad range of real estate, real estate finance, and bankruptcy related matters. Ms. Ghidotti founded the Law Offices of Michelle Ghidotti in February 2012. In 2015, Ms. Ghidotti founded Prestige Default Services, a foreclosure trustee providing services in California, Arizona and Texas.

Ms. Ghidotti lectures on general real estate, bankruptcy and foreclosure issues, and has been a featured speaker for several companies specializing in nonperforming second mortgages.

© 2021 The Law Offices of Michelle Ghidotti

Disclaimer & Privacy Statement

EXHIBIT "N"

Branch :S35   User :NRAM

RECORDER MEMO: This COPY has not been QUALITY ASSURED.



**This page is part of your document - DO NOT DISCARD**



# 20210271152

Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/18/21 AT 08:00AM**

| | |
|---|---|
| FEES: | 26.00 |
| TAXES: | 2,996.00 |
| OTHER: | 0.00 |
| PAID: | 3,022.00 |



**L E A D S H E E T**



202102181030011

00019935086



011837628

SEQ:
01

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**

368_6114105

Branch :S35   User :NRAM

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDED AT THE REQUEST OF:
Synrgo, Inc.

WHEN RECORDED MAIL TO:
Redwood Holdings, LLC

2015 Manhattan Beach Blvd, Ste 100

Redondo Beach, CA 90278

PROPERTY ADDRESS:
8336 CALVIN AVENUE,
LOS ANGELES, CA 91324

(Space above this line for Recorder's use only)

## TRUSTEE'S DEED UPON SALE

(Document Title)

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION (Cal. Gov. Code 927361.6)

REC 33    (1-93)

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

Branch :S35    User :NRAM

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

RECORDING REQUESTED BY:
Synrgo, inc.

AND WHEN RECORDED MAIL TO:
REDWOOD HOLDINGS LLC
2015 MANHATTAN BEACH BLVD #100,
REDONDO BEACH, CA 90278

Forward Tax Statements to
the address given above

TS #: 20-4377                                                    SPACE ABOVE LINE FOR RECORDER'S USE

## TRUSTEE'S DEED UPON SALE

A.P.N.: 2783-004-018                    Transfer Tax: $588.50 COUNTY /
                                                      $1,407.50 CITY

The Grantee Herein was not the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was $324,285.08
The Amount Paid by the Grantee was $535,000.00
Said Property is in the City of **Northridge**, County of **Los Angeles**

**PRESTIGE DEFAULT SERVICES**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

## REDWOOD HOLDINGS LLC

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Los Angeles**, State of California, described as follows:

LOT 95 OF TRACT 18435, IN THE CITY OF LOS ANGELES, AS PER MAP RECORDED IN BOOK 155 PAGES 47 AND 48 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PROPERTY IS ALSO COMMONLY KNOWN AS 8336 CALVIN AVENUE, NORTHRIDGE, CA 91324

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **EDWIN I. GUARDIA A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY** as Trustor, dated **5/10/2006** of the Official Records in the office of the Recorder of Los Angeles, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on **5/25/2006**, instrument number 06-1150489, of official records.  Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Branch :S35   User :NRAM

RECORDER MEMO: This COPY has not been QUALITY ASSURED.

## TRUSTEE'S DEED UPON SALE

TS #: 20-4377

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 1/29/2021. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$535,000.00**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **PRESTIGE DEFAULT SERVICES**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: 2 - 16 - 21

PRESTIGE DEFAULT SERVICES

By:

Briana Young, Trustee Sale Officer

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF California
COUNTY OF Orange

On 2/16/2021 before me, Ariel Del Pinto _____, Notary Public personally appeared, Briana Young, Trustee Sale Officer who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Name                                                                        (Seal)

ARIEL DEL PINTO
Notary Public - California
Orange County
Commission # 2272698
My Comm. Expires Dec 21, 2022

EXHIBIT "O"




*California*
LEGISLATIVE INFORMATION

Home    Bill Information    California Law    Publications    Other Resources    My Subscriptions    My Favorites

Code: Select Code ⌄    Section: 1 or 2 or 1001    [ Search ]    ⓘ

Up^<< Previous  Next >>        cross-reference chaptered bills        PDF | Add To My Favorites

Search Phrase:                                                        [ Highlight ]

**CIVIL CODE - CIV**
   **DIVISION 3. OBLIGATIONS [1427 - 3273.16]**  *( Heading of Division 3 amended by Stats. 1988, Ch. 160, Sec. 14. )*
      **PART 4. OBLIGATIONS ARISING FROM PARTICULAR TRANSACTIONS [1738 - 3273.16]**  *( Part 4 enacted 1872. )*
         **TITLE 14. LIEN [2872 - 3081]**  *( Title 14 enacted 1872. )*
            **CHAPTER 2. Mortgage [2920 - 2967]**  *( Chapter 2 enacted 1872. )*

**ARTICLE 1. Mortgages in General [2920 - 2944.10]**  *( Article 1 enacted 1872. )*

**2924.12.**  (a) (1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.

(2) Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief. An enjoined entity may move to dissolve an injunction based on a showing that the material violation has been corrected and remedied.

(b) After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale. If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

(c) A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of the trustee's deed upon sale, or that has been corrected and remedied by third parties working on its behalf prior to the recordation of the trustee's deed upon sale.

(d) A violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by a person licensed by the Department of Business Oversight or the Department of Real Estate shall be deemed to be a violation of that person's licensing law.

(e) No violation of this article shall affect the validity of a sale in favor of a bona fide purchaser and any of its encumbrancers for value without notice.

(f) A third-party encumbrancer shall not be relieved of liability resulting from violations of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 committed by that third-party encumbrancer, that occurred prior to the sale of the subject property to the bona fide purchaser.

(g) The rights, remedies, and procedures provided by this section are in addition to and independent of any other rights, remedies, or procedures under any other law. Nothing in this section shall be construed to alter, limit, or negate any other rights, remedies, or procedures provided by law.

(h) A court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section. A borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was awarded damages pursuant to this section.

(i) This section shall not apply to entities described in subdivision (b) of Section 2924.18.

*(Amended (as amended by Stats. 2014, Ch. 401, Sec. 7) by Stats. 2018, Ch. 404, Sec. 17. (SB 818) Effective January 1, 2019.)*

EXHIBIT "P"

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

Español   Tiếng Việt   한국어   中文   հայերեն

Search

| Home | Online Services | Forms, Filings & Files | Self-Help | Divisions | Jury | General Info |
|------|----------------|------------------------|-----------|-----------|------|--------------|
|      | Pay Fees, Search Records... | Forms, Filing Fees... | Self-Rep. Info, FAQs... | Civil, Criminal, Family... | Jury Duty Portal, Q&A... | Courthouses, ADA ... |

ONLINE SERVICES

# Case Access



LANGUAGE ACCESS

English

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

[ PRINT ]   [ NEW SEARCH ]

**Case Number:** 21STCV00700
EDWIN I GUARDIA VS CITIMORTGAGE INC., (LENDER) A NEW YORK CORPORATION

**Filing Courthouse:** Stanley Mosk Courthouse

**Filing Date:** 01/08/2021
**Case Type:** Mortgage Foreclosure (General Jurisdiction)
**Status:** Deemed Complete (No Remand from Federal Court) 04/29/2021

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

None

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

ALLISON HOLLAND VICE PRESIDENT FOR SN SERVICING CORPORATION - Defendant

BRIANA YOUNG TRUSTEE SALE OFFICER FOR PRESTIGE DEFAULT SERVICES - Defendant

CITIMORTGAGE INC. - Defendant

FENG SIMON M. - Attorney for Defendant

GUARDIA EDWIN I - Plaintiff

MCCLENDON REGINA JILL - Attorney for Defendant

PRESTIGE DEFAULT SERVICES TRUSTEE - Defendant

SN SERVICING CORPORATION AN ALASKA CORPORATION ATTORNEY IH FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF TYHE CABANA SERIES IV TRUST - Defendant

U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES IV TRUST - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

**04/29/2021** Certificate of Mailing for ((Status Conference Re Removal/Remand Order) of 04/29/2021)
Filed by Clerk

**04/29/2021** Minute Order ( (Status Conference Re Removal/Remand Order))
Filed by Clerk

**02/02/2021** Certificate of Mailing for ((Hearing on Ex Parte Application to Compel Cease-and-Desist Tr...) of 02/02/2021)
Filed by Clerk

**02/02/2021** Minute Order ( (Hearing on Ex Parte Application to Compel Cease-and Desist Tr...))
Filed by Clerk

**02/02/2021** Ex Parte Application (to compel)
Filed by Edwin I Guardia (Plaintiff)

**01/29/2021** Certificate of Mailing for ((Ex-Parte Proceedings Re Application to Compel a Cease-and-Des...) of 01/29/2021)
Filed by Clerk

**01/29/2021** Minute Order ( (Ex-Parte Proceedings Re Application to Compel a Cease-and-Des...))
Filed by Clerk

**01/29/2021** Ex Parte Application (to Compel a Cease-and-Desist Trustee Sale Dated: January 29, 2021)
Filed by Edwin I Guardia (Plaintiff)

**01/25/2021** Notice (to Court and All Interested Parties the Defendants Prestige Default Services Attorney, Michelle R. Ghidotti-Gonsalves, (SBN#: 27180) Founder of Prestige Default Services is Under Intense Investigation by the State Bar of California)
Filed by Edwin I Guardia (Plaintiff)

**01/21/2021** Notice of Removal to Federal Court
Filed by Citimortgage Inc. (Defendant)

**01/19/2021** Proof of Service by Mail
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Proof of Service by Mail
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Proof of Service by Mail
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Notice of Posting Jury Fees
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Notice (to Further Establish Plaintiff's Jury Trial Demand)
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Brief (in Support of Notice Establishing Plaintiff's Jury Trial Demand)
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Proof of Service by Mail
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Proof of Service by Mail
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Proof of Service by Mail
Filed by Edwin I Guardia (Plaintiff)

**01/08/2021** Case Management Statement
Filed by Edwin I Guardia (Plaintiff)

**01/08/2021** Motion for Preliminary Injunction
Filed by Edwin I Guardia (Plaintiff)

**01/08/2021** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**01/08/2021** Summons (on Complaint)
Filed by Clerk

**01/08/2021** Civil Case Cover Sheet
Filed by Edwin I Guardia (Plaintiff)

**01/08/2021** Complaint
Filed by Edwin I Guardia (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**

**04/29/2021** at 08:30 AM in Department 78
Status Conference (Re Removal/Remand Order) - **Held - Continued**

**02/02/2021** at 08:30 AM in Department 78
Hearing on Ex Parte Application (to Compel Cease-and Desist Trustee Sale dated January 29, 2021) - **Held**

**01/29/2021** at 1:39 PM in Department 78
Ex-Parte Proceedings

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Register of Actions (Listed in descending order)**

**04/29/2021** at 08:30 AM in Department 78
Status Conference (Re Removal/Remand Order) - **Held - Continued**

**04/29/2021** Certificate of Mailing for ((Status Conference Re Removal/Remand Order) of 04/29/2021)
Filed by Clerk

**04/29/2021** Minute Order ( ( Status Conference Re Removal/Remand Order))
Filed by Clerk

**02/02/2021** at 08:30 AM in Department 78
Hearing on Ex Parte Application (to Compel Cease-and Desist Trustee Sale dated January 29, 2021) - **Held**

**02/02/2021** Ex Parte Application (to compel)
Filed by Edwin Guardia (Plaintiff)

**02/02/2021** Certificate of Mailing for ((Hearing on Ex Parte Application to Compel Cease-and Desist Tr...) of 02/02/2021)
Filed by Clerk

**02/02/2021** Minute Order ( (Hearing on Ex Parte Application to Compel Cease-and Desist Tr...))
Filed by Clerk

**01/29/2021** at 1:39 PM in Department 78
Ex-Parte Proceedings

**01/29/2021** Ex Parte Application (to Compel a Cease-and-Desist Trustee Sale Dated: January 29, 2021)
Filed by Edwin I Guardia (Plaintiff)

**01/29/2021** Certificate of Mailing for ((Ex-Parte Proceedings Re Application to Compel a Cease-and-Des...) of 01/29/2021)
Filed by Clerk

**01/29/2021** Minute Order ( (Ex-Parte Proceedings Re Application to Compel a Cease-and-Des...))
Filed by Clerk

**01/25/2021** Notice (to Court and All Interested Parties the Defendants Prestige Default Services Attorney, Michelle R. Ghidotti-Gonsalves, (SBN#: 27180) Founder of Prestige Default Services is Under Intense Investigation by the State Bar of California)
Filed by Edwin I Guardia (Plaintiff)

**01/21/2021** Notice of Removal to Federal Court
Filed by Citimortgage Inc. (Defendant)

**01/19/2021** Proof of Service by Mail
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Proof of Service by Mail
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Proof of Service by Mail
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Notice of Posting Jury Fees
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Proof of Service by Mail
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Brief (in Support of Notice Establishing Plaintiff's Jury Trial Demand)
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Notice (to Further Establish Plaintiff's Jury Trial Demand)
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Proof of Service by Mail
Filed by Edwin I Guardia (Plaintiff)

**01/19/2021** Proof of Service by Mail
Filed by Edwin I Guardia (Plaintiff)

**01/08/2021** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**01/08/2021** Motion for Preliminary Injunction
Filed by Edwin I Guardia (Plaintiff)

**01/08/2021** Case Management Statement
Filed by Edwin I Guardia (Plaintiff)

**01/08/2021** Summons (on Complaint)
Filed by Clerk

**01/08/2021** Civil Case Cover Sheet
Filed by Edwin I Guardia (Plaintiff)

**01/08/2021** Complaint
Filed by Edwin I Guardia (Plaintiff)

NEW SEARCH

EXHIBIT "Q"



# NOTICE OF EVICTION

### TO THE JUDGEMENT DEBTOR(S) AND ALL CLAIMING UNDER SAME.

You are hereby notified that pursuant to the Order of Court and Notice to Vacate heretofore delivered to you or your agent, or posted upon these premises, your occupancy of these premises has been terminated. Any property which you may have left upon the premises is now under the legal control of the judgment creditor referred to below

Information regarding legal procedures to follow to regain possession of your personal property is set forth in the above-mentioned Notice to Vacate. For further information you should consult an attorney.

### ATTENTION

"Every person who has been removed from any lands by process of law, or who has been removed from any lands pursuant to the lawful adjudication or direction of any court, tribunal, or officer, and who afterwards unlawfully returns to settle, reside upon, or take possession of such lands, is *guilty of a misdemeanor*." (PC 419.)

CASE NO. 21CHUD00086

REDWOOD HOLDINGS
_____ Judgment Creditor

vs.

GUARDIA
_____ Judgment Debtor

Zimm
Phone _____ 409012

_____ Deputy

JUL 2 1 2021 Villanueva, Sheriff
Los Angeles County

Dated _____

California extends eviction moratorium, rent relief - Los Angeles Times

**Los Angeles Times**

LOG IN

CALIFORNIA

# Newsom signs into law extension of California eviction protections, rent relief

**Los Angeles Times** | **$1/6 months** Limited-Time Offer

SUBSCRIBE NOW



Tenant rights activists gathered last year at El Monte City Hall to demand an eviction moratorium. Gov. Gavin Newsom has signed a law protecting tenants from eviction through Sept. 30. (Jason Armond / Los Angeles Times)

By PATRICK MCGREEVY | STAFF WRITER

JUNE 28, 2021 10:58 PM PT



SACRAMENTO — California tenants will be protected from evictions for another three months, and those with low incomes will have all of their past-due rent paid by the state, under a bill signed Monday by Gov. Gavin Newsom in response to the COVID-19 pandemic.

The governor acted just hours after both houses of the Legislature approved the bill

---

Los Angeles Times | **$1/6 months**
Limited-Time Offer      SUBSCRIBE NOW    ✖

"California will significantly increase cash assistance to low-income tenants and small landlords under the state's $5.2 billion rent relief program, making it the largest and most comprehensive COVID rental protection and rent relief program of any state in the nation," said a statement by Newsom's office.

The action doubles the funding of the rent relief program, allowing payment of 100% of low-income tenants' past-due rent back to April 2020 and until the expiration of the eviction protections, as money is available.

ADVERTISEMENT

Landlords and tenants can apply immediately for the expanded rent relief.

In addition to prohibiting eviction of tenants who pay at least 25% of their rent for another three months, the new measure blocks landlords from getting a court order for eviction before giving tenants a chance to apply for rent relief through March 2022.

Some 758,000 California households owe back rent; the average amount they are behind is $4,700, according to research by PolicyLink and the USC Equity Research Institute.

**Los Angeles Times** | **$1/6 months** Limited-Time Offer          SUBSCRIBE NOW          ✖

EXHIBIT "R"

View Coronavirus (COVID-19) Resource Center

LEGAL ALERTS / DETAILS

# California Legislature Creates "Redemption Right" for Trustee Sales of Residential Properties

*October 7, 2020*

By Eric S. Pezold and David Rao

On September 28, 2020, Governor Newsom signed into law SB 1079 (the "Bill"), granting a right of redemption or first refusal to purchase a foreclosed residential property to tenants, buyers intending to use the property as their residence, local governments intending to use the property as affordable housing and other eligible buyers.

All one-unit to four-unit family dwellings (including investment or rental properties) are included under the Bill, which sunsets on January 1, 2026. If, at a trustee's sale, a property is not sold to a Prospective Owner-Occupant[1], any one of the following individuals or entities ("Eligible Bidders") may submit a bid to purchase the property up to 45 days after the trustee's sale:

1. An Eligible Tenant Buyer[2];
2. A Prospective Owner-Occupant;
3. A nonprofit in which an Eligible Tenant Buyer or Prospective Owner-Occupant is a voting member or director;
4. A California nonprofit corporation whose primary activity is the development or preservation of affordable rental housing;
5. A limited partnership or limited liability company in which the managing partner or managing member is a California nonprofit corporation whose primary activity is the development or preservation of affordable rental housing;
6. A community land trust;
7. A limited-equity housing cooperative; or
8. The State of California, the Regents of the University of California, or any county, city, or district local government, public authority or agency. Civ. Code § 2924m(a)(3)(A)-(I).

An Eligible Bidder must provide an affidavit to the trustee that they meet one of the conditions above and must send written notice of intent to place a bid no more than 15 days after the trustee's sale. Civ. Code § 2924m(c)(2). The Eligible Bidder may submit a bid up to 5:00 p.m. on the 45th day after the trustee's sale. Civ. Code § 2924m(c)(4).

The Bill requires that every notice of sale sent to potential bidders, tenants and the property owner include i) a website, and ii) a telephone number, both available 24 hours a day, 7 days a week, and free of charge to any potential bidder, with specified information about the properties to be sold. Civ. Code § 2924f(b)(8).

If the property is not sold to a Prospective Owner-Occupant, then no later than 48 hours after the trustee's sale, the trustee or authorized agent must make the following information available on the website (and by telephone) listed on the notice of sale:

1. The date on which the trustee's sale took place;
2. The amount of the last and highest bid at the trustee's sale;
3. An address for the trustee (which is able to receive U.S. mail and overnight delivery). Civ. Code § 2924m(d)(1)(A)-(C).

The information must remain public and accessible for no less than 45 days after the sale. Civ. Code § 2924m(d)(4).

The Bill also imposes fines on new legal owners who fail to maintain any vacant residential property purchased at a foreclosure sale. A failure to maintain may include permitting excessive foliage growth, allowing trespassers or squatters to remain on the property or failing to prevent mosquito population growth in excess standing water. Civ. Code § 2929.3(b). Each day, a city or county may fine the new owner up to $2,000 for the first 30 days and then $5,000 for each day afterwards. Civ. Code § 2929.3(a)(3)(A)-(B).

Under prior law, a right of redemption arose only when a property was sold at a judicial foreclosure sale. See Code of Civ. Proc. § 729.010, et seq. The right of redemption essentially made the foreclosed property unmarketable during the one-year redemption period. SB 1079 will likely have a similar effect on foreclosed properties during the 45 days following the trustee sale, which will in turn result in fewer buyers and lower sale prices.

**Footnotes:**

1. A **Prospective Owner-Occupant** means a natural person who certifies in an affidavit to the trustee that:
   1) they will occupy the property as their primary residence within 60 days of the trustee's deed being recorded;

   2) they will maintain occupancy for at least one year;

   3) they are not the mortgagor or trustor, or the child/spouse/parent of the mortgagor or trustor; and

   4) they are not acting as the agent of any person purchasing the property. Civ. Code § 2924m(a)(1).

2. An **Eligible Tenant Buyer** means a natural person who:
   1) occupies the property as their primary residence;

   2) was a party to an arm's length lease agreement with the borrower who was foreclosed upon; and

   3) is not the borrower or a family member.

Share    Share    Tweet

...

FINDLAW (HTTPS://LP.FINDLAW.COM/)   CODES (HTTPS://CODES.FINDLAW.COM/)
CALIFORNIA (HTTPS://CODES.FINDLAW.COM/CA/)
CODE OF CIVIL PROCEDURE (HTTPS://CODES.FINDLAW.COM/CA/CODE-OF-CIVIL-PROCEDURE/)   § 729.030

# California Code, Code of Civil Procedure - CCP § 729.030

Current as of January 01, 2019 | Updated by FindLaw Staff (https://www.findlaw.com/company/our-team.html)

## Search California Codes

### Search by Keyword or Citation

Enter Keyword or Citation

SEARCH

« Prev (https://codes.findlaw.com/ca/code-of-civil-procedure/ccp-sect-729-020.html)

Next » (https://codes.findlaw.com/ca/code-of-civil-procedure/ccp-sect-729-035.html)

The redemption period during which property may be redeemed from a foreclosure sale under this chapter ends:

(a) Three months after the date of sale if the proceeds of the sale are sufficient to satisfy the secured indebtedness with interest and costs of action and of sale.

(b) One year after the date of sale if the proceeds of the sale are not sufficient to satisfy the secured indebtedness with interest and costs of action and of sale.

« Prev (https://codes.findlaw.com/ca/code-of-civil-procedure/ccp-sect-729-020.html)

Next » (https://codes.findlaw.com/ca/code-of-civil-procedure/ccp-sect-729-035.html)

Read this complete California Code, Code of Civil Procedure - CCP § 729.030 on Westlaw (https://1.next.westlaw.com/Document/I4B0A5EE030DC11E98C61BF2AFCE12A9D/View/FullText.html?originationContext=documenttoc&transitionType=CategoryPageItem&contextData=(sc.Default))

FindLaw Codes are provided courtesy of Thomson Reuters Westlaw, the industry-leading online legal research system (https://legalsolutions.thomsonreuters.com/law-products/westlaw-legal-research/). For more detailed codes research information, including annotations and citations, please visit Westlaw (https://www.westlaw.com/).

FindLaw Codes may not reflect the most recent version of the law in your jurisdiction. Please verify the status of the code you are researching with the state legislature or via Westlaw before relying on it for your legal needs.

## Latest Blog Posts

- Remembering Superstar Defense Lawyer F. Lee Bailey (https://blogs.findlaw.com/greedy_ass superstar-defense-lawyer-f-lee-bailey.html)
- SCOTUS Nomination and Confirmation Process Explained (https://blogs.findlaw.com/supreme_c court-nomination-and-confirmation-process-explained.html)
- Who Are You to Call Us a Soulless Enterprise of Death? (https://blogs.findlaw.com/strategist/2 are-you-to-call-us-a-soulless-enterprise-of-death.html)
- Revisiting the Legality of Password Sharing as Netflix Begins to Crack Down (https://blogs.findlaw.com/technologis the-legality-of-password-sharing-as-netflix-begins-to-crack-down.html)
  View More » (https://www.findlaw.com/legalblogs.h

**STATUTORY RIGHT OF REDEMPTION** the legal right of a MORT
GAGOR to redeem the property after it has been sold at a FORECLOSURE
SALE. This right is granted by state law for a limited period of time,
depending on the state.

Example: In Alabama, a debtor has up to one year after foreclosure
to regain possession of the property by paying up all indebtedness. In
Texas, no such *statutory right of redemption* exists, so that all foreclosure sales are final unless overturned by the courts on procedure.

---

**Notice of the right of redemption.** Immediately following the
sale, the levying officer must notify the judgment debtor by personal
service or mail of the right of redemption and the applicable redemption period.[8]

## § 10:228   Procedure for redemption

**Research References**

West's Key Number Digest, Mortgages ⟪616

**Period of redemption.** When property is sold pursuant to a
decree of foreclosure subject to a right of redemption, and there is no
**deficiency liability** (that is, when the sales proceeds are in an amount
that satisfies the debt secured by the lien being foreclosed, plus
interest and costs), the redemption period is three months after the
date of the sale.[1]

When there is a deficiency liability after the sale (that is, the sales
proceeds are not sufficient to satisfy the debt, plus interest and costs),
the redemption period is one year after the sale.[2] In unusual cases
where the strict enforcement of the one-year limitation would bring
about harsh and inequitable results, the court of equity can allow
the trustor to "redeem" the property even though the statutory period has expired.[3]

## § 10:230   Possession and rents during the redemption period

**Research References**

West's Key Number Digest, Mortgages ⟪602

**The trustor retains the right of possession.** The trustor and
the trustor's tenants are entitled to remain in possession during the
redemption period.[1] After the sale and prior to the expiration of the
redemption period, the purchaser is entitled to enter the premises

---

[Section 10:229]

[1]Code Civ. Proc., § 729.080, subd. (b).

[2]Code Civ. Proc., § 729.080, subd. (d).

[3]Code Civ. Proc., § 729.080, subd. (e).

§ 10:20 (re-acquired property (repurchase by foreclosed trustor)).

[4]§ 10:231 (sheriff's deed; purchaser's
title).

[Section 10:230]

[1]*Petersen v. Jurras,* 2 Cal. 2d 253,
257, 40 P.2d 257 (1935); *First Nat. Trust
& Sav. Bank of San Diego v. Staley,* 219
Cal. 225, 227, 25 P.2d 982 (1933).

---

CALIFORNIA REAL ESTATE 3D

during reasonable hours to perform maintenance,[2] and can restrain
the commission of waste on the premises,[3] but the purchaser is not
entitled to possession.[4] A trustor who remains in possession during

EXHIBIT "S"

## The Lawyer's Creed: Standards of Professional Conduct

California Attorney's Oath: "I solemnly swear that I will support the Constitution of the United States and the Constitution of the State of California, and that I will faithfully discharge the duties of an attorney and counselor at law to the best of my knowledge and ability. As an officer of the court, I will strive to conduct myself at all times with dignity, courtesy, and integrity."

Every attorney who practices law is responsible for the quality of justice in their community. A key ingredient in a fair justice system is the professional relationships between attorneys, their clients and the courts. Standards of professional conduct are designed and implemented to provide specific guidance as to how attorneys shall maintain an acceptable standard of professionalism in the industry of law.

At RPT, we proudly exemplify the standards of professional conduct proclaimed by the Sacramento County Bar Association. Whether you're a new practicing lawyer or one with years of experience, remembering these standards are important to your professional success.

Responsibilities to the client:

- Lawyers shall be loyal to their client's cause, but shall not allow that commitment to interfere with giving them objective and independent advice.
- Lawyers shall encourage their client against seeking litigation that's not justifiable.

Responsibilities to the public:

- Lawyers shall allocate time on a pro bono (work for free) basis to community causes such as non-profit organizations and community services.
- Lawyers shall become routinely involved in organized activities designed to improve the courts, the legal system and the industry in its entirety, such as bar associations, seminars/workshops and networking events.
- Lawyers shall donate legal support to individuals unable to afford legal services. ("You have a right to an attorney. If you cannot afford one, one will be provided for you at no cost to you.")

Responsibilities to the Court and Bar:

- Lawyers shall always act toward other members of the bar in a professional, dignified, courteous and civil manner, while keeping in mind that all lawyers are agents of the court and representatives of a learned profession. Every lawyer has a duty to the justice system to act with integrity and to set a high standard of civility.

Trials and hearings:

- While in court, lawyers shall conduct themselves in a manner which promotes a positive image of the justice system, that assists the court in properly determining the outcome of a case, and displays respect for the situation at hand.

Social relationships with judicial officers:

- Lawyers shall make a conscious effort to avoid even the slightest appearance of bias or dishonesty in relationships with judicial officers and independent, court appointed officials.

Privacy:

- An attorney shall not attempt or threaten to use private facts pertaining to any party or individuals with the intent of gaining an advantage in a case. This code of conduct does not inhibit inquiry into sensitive matters relevant to an issue, as long as the inquiry is pursued as narrowly as possible.

Conduct in court:

To promote a positive image of the profession, attorneys shall always act with respect and dignity in court, and assist the court in proper handling of a case. For example:

- An attorney should be prompt and prepared.
- An attorney's conduct should avoid disorder or disruption and preserve the right to a fair trial.

- An attorney should maintain respect for and confidence in a judicial officer by displaying courtesy, dignity and respect toward the court and courtroom personnel.
- An attorney should renounce conduct that inappropriately demeans another individual.
- Before appearing in court, an attorney should advise a client of the kind of behavior they are expected to exemplify in an effort to prevent said client from creating disorder or disruption in the courtroom.
- An attorney should make objections for legitimate and sincere reasons, and not for the purpose of harassment or delay.
- An attorney should honor an opposing counsel's requests that do not objectively prejudice the rights of the attorney's client or sacrifice strategical advantages.
- While appearing before the court, an attorney should acknowledge and respond to all arguments, objections and requests to the court, rather than directly to their opposition.
- While appearing in court, an attorney should demonstrate compassion to any party, witness or attorney who has requested, or man need, accommodation as a person with physical or mental impairment, so as to foster full and fair access of all persons to the court.

At RPT, we take these codes of conduct seriously. We see ourselves not only as industry leaders in the work we produce, but in the way we conduct ourselves as well.



*(https://radshap.com/wp-content/uploads/2016/12/Sac-Bar-Association.png)*

*Sacramento Bar Association Standards of Professional Conduct:*

https://www.saccourt.ca.gov/local-rules/docs/standards-professional-conduct.pdf
(https://www.saccourt.ca.gov/local-rules/docs/standards-professional-conduct.pdf)

Comments are closed.

(/feed)
701 University Ave., Ste. 100 Sacramento, CA 95825 | P. 916 565-8161 | F. 916 565-8170
© 2017 Radoslovich Shapiro, PC Attorneys | View Legal Disclaimer (/disclaimer-privacy-consent/)

